[No. 22492. Department One. June 10, 1930.]

J. T. EPLEY, *Appellant,* v. L. L. HUNTER *et al.,*
*Respondents.*[1]

*P. C. Kibbe* and *O. A. Tucker,* for appellant.

*Bigelow & Manier* and *Yantis & Brodie,* for respondent Hunter.

*Frank C. Owings,* for respondent Havens.

MILLARD, J.—Plaintiff sought recovery on four causes of action for damages, itemized as follows, alleged to have resulted from wrongful levy of certain writs of attachment:

(1) Damage to personal property while in the custody of the sheriff; (2) damage to real property wrongfully seized; (3) destruction of plaintiff's business; (4) destruction and loss of the books of account and records; and (5) failure to redeliver property to the plaintiff or wrongful delivery thereof to third persons.

[1]Reported in 289 Pac. 27.

Verdict was returned against the defendants sheriff and Hunter, whose motion for judgment notwithstanding the verdict was granted. Plaintiff appealed. We held (*Epley v. Hunter,* 154 Wash. 163, 281 Pac. 327) that, as to the first, fourth and fifth items, the motion for judgment notwithstanding the verdict was correctly granted; and remanded the cause with instructions to the trial court to pass on the motion for a new trial as to the second and third items. In conformity with our decision, the trial court dismissed the third and fourth causes of action and that portion of the first cause of action referring to damage to personal property (items 4, 5 and 1, respectively). A new trial was granted as to the second cause of action (item 3) and as to that part (item 2) of the first cause of action relating to damage to the real property. Plaintiff appeals.

■ Counsel for appellant contends that the court erred in granting judgment notwithstanding the verdict and dismissing the third and fourth causes of action and a portion of the first cause of action.

That question may not be reviewed on this second appeal as we considered and made final disposition thereof on the first appeal. (*Epley v. Hunter,* 154 Wash. 163, 281 Pac. 327.)

"A court of review is precluded from agitating questions which were propounded, considered, and decided on a previous review; the decisions agree that, as a general rule, when an appellate court passes upon a question and remands the cause for further proceedings, the question there settled becomes the 'law of the case' upon a subsequent appeal; the only mode for reviewing the decision on the prior appeal being by a motion for a rehearing." 2 R. C. L. p. 223, § 187.

■ The granting of a new trial upon the questions of damage to the real property and the destruction of appellant's business is assigned as error.

The evidence sharply conflicts as to whether the alterations in the building were made during or subsequent to the period the sheriff was in possession of the real property. If the testimony of respondents' witnesses is to be believed, the appellant's business was not destroyed. Of course, as we stated on the former appeal, there is damage to a going commercial business by a sheriff's seizure of same and the exclusion of the owner from the management thereof; however, there is evidence that appellant's agent was permitted to conduct the business, and to that agent an accounting was made of all sales.

On the issues raised, there was substantial conflicting evidence, therefore we will not interfere with the exercise of the court's discretion in granting a new trial on the ground that the verdict was contrary to the evidence. *Applewhite v. Payne,* 152 Wash. 62, 277 Pac. 84; *Stickney v. Congdon,* 140 Wash. 670, 250 Pac. 32.

The judgment is affirmed.

MITCHELL, C. J., BEALS, TOLMAN, and MAIN, JJ., concur.