[No. 29541. *En Banc.* January 27, 1945.]

GANGE LUMBER COMPANY, *Appellant,* v. RALPH ROWLEY *et al., Respondents.*[1]

*T. J. Hanify, Grosscup, Morrow & Ambler, L. B. Donley, Hulbert, Helsell & Paul, Little, Leader, LeSourd & Palmer,* and *Laube, Laughlin & Guttormsen,* for appellant.

*Allen & Carey,* for respondent Rowley.

*The Attorney General* and *R. A. Moen, Assistant,* for respondent Department of Labor and Industries.

JEFFERS, J.—As stated in appellant's brief, this is the second time this cause has been before this court. The action, as originally commenced before the department of labor and industries, was entitled Ralph Rowley, plaintiff, v. Department of Labor and Industries, defendant, Gange Lumber Company, employer.

The above proceeding was commenced by filing with the department on or about July 30, 1937, a report of accident by Ralph Rowley, claimant, and Gange Lumber Company, employer. The original claim was closed March 1, 1938. On March 13, 1943, Mr. Rowley made an application to reopen his claim. On March 24, 1943, the department, without passing on the merits of the application, entered an order to the effect that it was without authority to take further action on the claim, as more than three years had

[1]Reported in 155 P. (2d) 802.

expired since the original claim was closed. Mr. Rowley then appealed to the joint board for review of the order of March 24, 1943, made by the supervisor, contending that, under Rem. Supp. 1941, § 7679 (h), he had five years from the effective date of the act last mentioned to apply for readjustment of his original claim on the ground of aggravation.

On April 5, 1943, the joint board entered an order affirming the action of the department. On April 19, 1943, Mr. Rowley appealed from the order of the joint board to the superior court of Pierce county. On October 27, 1943, the employer, Gange Lumber Company, filed in superior court a motion to dismiss the cause and appeal on the following grounds: (1) That the order of the joint board dated April 5, 1943, affirming the order of the supervisor dated March 24, 1943, denying the plaintiff's (Mr. Rowley's) application to reopen his claim on the ground that said application and the reopening of said claim were barred by the provisions of Rem. Rev. Stat., § 7679 [P. C. § 3472] (h), being Laws of 1911, chapter 74, p. 360, § 5 (h), as amended by Laws of 1927, chapter 310, p. 834, § 4, is in accordance with law. (2) That, under the provisions of Rem. Rev. Stat., § 7679 (h), plaintiff's right, if any, to reopening of his claim and additional compensation, on the alleged ground that his disability became aggravated after his claim was closed on March 1, 1938, expired by lapse of time prior to March 19, 1943, the date he filed his application for reopening, and said order of the joint board is therefore in accordance with law. (3) That said order of the joint board, rejecting plaintiff's contention that he was authorized by Laws of 1941, chapter 209, p. 624, § 1, referred by petition to the people and adopted by them as referendum No. 22 on November 3, 1942, which became effective on December 3, 1942, to apply for a reopening of his claim for aggravation as aforesaid, is in accordance with law. (4) That, if Laws of 1941, chapter 209, § 1, adopted by the people as aforesaid, is construed as urged by plaintiff, such law is in violation of Art. I, § 3, and Art. I, § 23, of the constitution of the state of Washington, and is

void. (5) That, if said Laws of 1941, chapter 209, § 1, adopted by the people as aforesaid, is construed as urged by plaintiff, said law is in violation of Art. I, § 10, clause 1 of the constitution of the United States of America, and of the fourteenth amendment to the constitution of the United States of America, and is void.

On December 10, 1943, the superior court for Pierce county made and entered an order dismissing Rowley's appeal and affirming the order of the department closing Rowley's claim. From the order dismissing the appeal, Rowley duly appealed to this court. On appeal to this court, the Rowley case was consolidated with I. C. Lane v. Department of Labor and Industries, No. 29288 of this court, I. C. Lane v. Department of Labor and Industries, No. 29289, and John Moore v. Department of Labor and Industries, No. 29291, and the above appeals will be referred to as *Lane v. Department of Labor & Industries*, reported in 21 Wn. (2d) 420, 151 P. (2d) 440. In order that it may be understood what questions were before the court and decided by it on the appeals last above referred to, we quote from the opinion:

"This appeal involves the claims of injured workmen for compensation for aggravation of injuries and for which they had previously received awards. In the two cases of I. C. Lane and in that of Ralph Rowley, the court affirmed the orders of the department of labor and industries disallowing the claims on the ground that they had not been made within the time limited by law. In the case of John Moore, the court reversed the order of the department disallowing his claim upon the same ground. On appeal to this court, the cases were consolidated. The parties to the appeal will be referred to as the claimants, the employers, and the department.

"*The questions to be determined are whether the act of 1941 applies to barred claims, and, if so, is it constitutional.*" (Italics ours.)

The opinion concludes as follows:

"The act of 1941 before us is so plain and all-inclusive in its wording as not to need construction. It applies to all applicants for readjustment whose compensation has been

established or terminated, and in passing it the legislative authority has encountered no constitutional inhibitions.

"The judgments in the Lane and the Rowley cases are reversed, and the judgment in the Moore case is affirmed."

The remittitur from the court went down and was filed in the superior court for Pierce county on October 17, 1944. Thereafter and on October 19, 1944, said court entered judgment on the remittitur in the case of Ralph Rowley v. Department of Labor and Industries, and Gange Lumber Company, employer. Said judgment vacated the former judgment entered by the superior court, and reversed the order of the joint board, and remanded the cause to the department to consider upon its merits, after the introduction of evidence at an appropriate hearing.

On November 25, 1944, the department reopened the claim and entered an order allowing additional compensation to Mr. Rowley. The employer, Gange Lumber Company, filed its application for rehearing before the joint board, and on November 27, 1944, the joint board, after a hearing, entered an order denying the employer's application for a rehearing, stating as its reason therefor, in part as follows:

"It Is Hereby Ordered, That whereas it appears to the board that this claim has heretofore been appealed to the supreme court of the state of Washington and that said court held upon said appeal, in *Lane v. Department of Labor and Industries,* 121 Wash. Dec. (No. 11) 395, that the claimant herein was entitled to a consideration of his application for reopening on its merits under Laws of Washington, 1941, Chapter 209, Section 1, and that said law was not in violation of the 14th Amendment to the constitution of the United States as contended by the employer herein, and the joint board being advised in the premises, and you being hereby notified, now:

"It Is Hereby Ordered that the application of the employer, Gange Lumber Company, for a rehearing of the order of the supervisor of Industrial insurance dated November 25, 1944, be and the same is hereby denied."

The employer, Gange Lumber Company, duly appealed from the order of the joint board to the superior court of Pierce county, and on December 5, 1944, filed in the superior

court its motion for judgment on the record; and on the same date Ralph Rowley and the department of labor and industries filed motions for judgment of dismissal of the appeal of the Gange Lumber Company.

On December 5, 1944, the superior court entered an order granting the motions of Ralph Rowley and the department, and entered a judgment of dismissal. This judgment recited in part:

" . . . and it appearing to the court that no issue of fact has been or is raised herein and that the only issue of law herein is whether Laws of Washington, 1941, chapter 208, § 1, insofar as it permits the reopening of the industrial insurance claim of the defendant Ralph Rowley and the award made to said defendant upon such re-opening by the order herein of the Supervisor of Industrial Insurance dated November 25, 1944, and the charging of the amount of said award to the cost experience of the plaintiff Gange Lumber Company under the workmen's compensation act of the state of Washington, constitutes a taking of the property of the plaintiff Gange Lumber Company without due process of law and denies said plaintiff the equal protection of the laws in violation of the 14th amendment to the constitution of the United States; and

"It appearing further to the court that this cause has heretofore been before the court in its cause No. 89046 wherein judgment was entered on December 10, 1943, from which judgment the defendant Ralph Rowley appealed to the supreme court of Washington; that said appeal was consolidated with three other causes upon appeal before said court and was decided in *Lane v. Department of Labor and Industries,* 121 Wash. Dec. (No. 11) 395; that the aforesaid issue of law was raised between the parties hereto in said appeal and was decided therein by said supreme court adversely to the present contention of the plaintiff herein; and

"The court being of the opinion that said decision of the supreme court of Washington is a determination of the aforesaid issue of law which is conclusive upon this court in favor of the defendants and against the plaintiff, and the court being advised in the premises,

"It Is Therefore Ordered, Adjudged and Decreed, that the aforesaid motion of the plaintiff for judgment upon the record be, and the same is hereby denied and that the motions of the defendants Ralph Rowley and Department

of Labor and Industries of the state of Washington be, and each thereof is hereby granted to all of which the plaintiff excepts and its exception is allowed; and

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that this cause and the plaintiff's appeal herein be, and the same are hereby dismissed with prejudice; that the aforesaid order of the joint board dated November 27, 1944, be, and the same is hereby confirmed."

From the above judgment, the Gange Lumber Company has appealed to this court. Appellant states in its brief that the questions to be determined on this appeal are:

"(1) Did Laws of Washington chapter 209, § 1, amending the workmen's compensation act by changing the period for applying to reopen a claim under said act from three to five years, operate to permit reopening of respondent Rowley's claim notwithstanding that his right to apply for such reopening had become barred under the amended law?"

Following the above question in appellant's brief, it states: "Affirmed by the superior court upon the authority of *Lane v. Department of Labor and Industries,* 121 Wash. Dec. 395."

The questions continue as follows:

"(2) Is said chapter 209, if it applies as interpreted by the superior court, in violation of the fourteenth amendment to the constitution of the United States and of Article 1, § 3 of the constitution of the state of Washington?"

Following this question in appellant's brief, it states: "Negatived by the superior court upon authority of *Lane v. Department of Labor & Industries, supra.*"

■ As hereinbefore set out and shown by the record, both of the above questions of law were before this court in *Lane v. Department of Labor & Industries, supra,* and specifically decided therein contrary to the contention of the Gange Lumber Company as there made, and contrary to its contentions on this appeal. As this appeal involves the same parties, the same subject matter, and the same questions of law as were involved in the *Lane* case, *supra,* the decision in that case on the legal questions here raised, became the law of this case, and therefore when this cause came before the superior court it was bound by the law of

the case as decided on the former appeal, and as no issue of fact was involved, but only the same issues of law as on the former appeal, the trial court had no alternative other than to dismiss this action. *Camas v. Kiggins*, 120 Wash. 40, 206 Pac. 951; *Morehouse v. Everett*, 141 Wash. 399, 252 Pac. 157, 58 A. L. R. 1482; *Epley v. Hunter*, 157 Wash. 333, 289 Pac. 27.

In the case last cited, we quoted from 2 R. C. L., p. 223, § 187, as follows:

"A court of review is precluded from agitating questions which were propounded, considered, and decided on a previous review; the decisions agree that, as a general rule, when an appellate court passes upon a question and remands the cause for further proceedings, the question there settled becomes the 'law of the case' upon a subsequent appeal; the only mode for reviewing the decision on the prior appeal being by a motion for a rehearing."

No question of fact having been raised on this appeal, the only issues of law raised herein having been decided adversely to appellant's contention on the former appeal, it follows that the trial court correctly dismissed this action, as the trial court was bound by the law of the case as established by this court on the former appeal.

For the reasons herein assigned, the judgment of the trial court is affirmed.

BEALS, C. J., STEINERT, BLAKE, ROBINSON, MALLERY, and GRADY, JJ., concur.

MILLARD, J. (concurring)—I concur solely on the ground that our opinion or decision in *Lane v. Department of Labor & Industries, supra,* is the law of the case at bar. I am still of the view that this court grossly erred in its opinion in the *Lane* case. The constitutional question appellant seeks to raise may be presented in another case in which a different party than in *Lane* case brings the question here.

SIMPSON, J., concurs with MILLARD, J.

January 16, 1945. Petition for rehearing denied.