[No. 13445.   Department One.   October 21, 1916.]

## W. H. DeLor et al., Respondents, v. Thomas W. Symons et al., Appellants.[1]

MUNICIPAL CORPORATIONS—SIDEWALKS—TRAPDOORS — NEGLIGENCE—
EVIDENCE—QUESTION FOR JURY.  Negligence in the maintenance of a
trapdoor in a sidewalk is a question for the jury where there was
evidence to the effect that the doors sagged down under the weight of
a person, so that plaintiff's toe was caught under the edge of the
door and she was tripped and fell and broke her leg.

NEW TRIAL—MISCONDUCT OF COUNSEL—PREJUDICE.  A new trial for
misconduct of counsel in argument in making statements outside the
record was properly refused, where the jury were instructed to dis-
regard them, they were not of such a character as to prejudice the
jury, and the size of the verdict did not indicate passion or prejudice.

Appeal from a judgment of the superior court for Spo-
kane county, Sullivan, J., entered November 3, 1915, upon
the verdict of a jury rendered in favor of the plaintiffs, in
an action for personal injuries sustained by a pedestrian in
falling upon a trapdoor.  Affirmed.

*M. T. Hartson, Thomas W. Symons, Jr.,* and *Danson,
Williams & Danson* (*George D. Lantz,* of counsel), for ap-
pellants.

*Guy B. Groff* and *O. E. Pardee,* for respondents.

MOUNT, J.—This action was brought to recover damages
for personal injuries sustained by Mrs. DeLor as a result of
falling upon a trapdoor in the sidewalk in front of defend-
ants' premises.  Defendants denied that Mrs. DeLor received
her injuries from the trapdoor or that the door was unsafe.
These questions were submitted to a jury, which returned a
verdict of $1,300 in favor of the plaintiffs.  At the close of
the plaintiffs' evidence, and again at the close of all the evi-
dence, the defendants moved the court for a nonsuit, for di-
rected verdict, and for a judgment notwithstanding the ver-

[1]Reported in 160 Pac. 424.

dict. These motions were denied, and a judgment was entered upon the verdict. Defendants have appealed.

Appellants seek a reversal upon two grounds: first, that the evidence is insufficient to show negligence; second, misconduct of counsel for respondents in argument to the jury.

It is contended by the appellants that the evidence shows that the trapdoor was constructed of two iron doors in an iron frame, that these doors were the kind commonly used, and that they were in perfect repair. The evidence on behalf of respondents was to the effect that the trapdoors were not solid, by reason of the fact that, when a person stepped upon one of the doors, it gave down from one-half to three quarters of an inch so as to permit a person's toe to catch under it; that Mrs. DeLor, while walking upon the sidewalk, stepped upon this trapdoor, her weight caused it to sag down so that her toe caught under the projection of the joint between the two doors and caused her to fall and break her leg. There was other evidence to the same effect. We think it is plain that the evidence made a question for the jury whether the trapdoors were maintained as an ordinary careful person would maintain such structures in a busy section of a city. If the appellants maintained the trapdoor so that, when stepped upon, it would give down so as to permit a person's toe to catch therein, they would be negligent and liable in damages to a person using the street in the ordinary manner and stepping upon the trapdoor without notice of the defect. *Seattle v. Puget Sound Improvement Co.*, 47 Wash. 22, 91 Pac. 255, 125 Am. St. 884, 12 L. R. A. (N. S.) 949; *Smith v. Tacoma*, 51 Wash. 101, 98 Pac. 91, 21 L. R. A. (N. S.) 1018. We are satisfied that the trial court did not err in submitting the question of negligence to the jury.

It is contended by appellants that counsel for the respondents in arguing the case to the jury went outside of the record, made statements which were not supported by the evidence, and that, on account of such misconduct, a new trial should have been granted. The record before us shows that counsel

for the respondents did make statements to the jury which were outside the record and no part thereof. These statements were not legitimate arguments from the facts, but the trial court in instructing the jury told them in substance to disregard statements of counsel which were not supported by the evidence, and was of the opinion, upon motion for new trial, that these statements were not of such character as to prejudice the jury against the appellants, and that the size of the verdict did not indicate any passion or prejudice on the part of the jury. The trial court, for these reasons, was of the opinion that a new trial should not be granted. We are inclined to agree with the trial court that these statements were not so prejudicial as to warrant a reversal of the case. The judgment is therefore affirmed.

MORRIS, C. J., FULLERTON, CHADWICK, and ELLIS, JJ., concur.