## CAUSEY v. KANSAS CITY BRIDGE CO.
## PENNINGTON et al. v. SAME.

### No. 2038.

Court of Appeal of Louisiana. First Circuit.

Nov. 9, 1939.

Breazeale & Sachse, of Baton Rouge, for appellant.

Jos. A. Gladney and W. F. Gladney, both of Baton Rouge, for appellees.

DORE, Judge.

These two suits were consolidated for trial. The first is on behalf of the widow of Ralph Causey, and the second on behalf of the tutrix of his minor children by a former marriage, to recover compensation under the Workmen's Compensation Act, Act No. 20 of 1914, for his death alleged to have resulted from an injury sustained by him in the course of his employment by the defendant.

Both suits are based substantially on the allegations that on November 29, 1937, Ralph Causey was employed by the defendant company as a laborer in the building of the bridge across the Mississippi River at Baton Rouge; that on that date, while engaged in unloading large, heavy rocks or stones into the river to serve as a foundation for the bridge piers, he strained himself while lifting or pushing one of these heavy rocks, causing severe pain and serious injury in the lower abdominal region, resulting in the formation of a cancerous growth, or, in the alternative, in the aggravation and activation of a pre-existing but dormant cancerous growth in the lesser curvature of the stomach, from which he died on February 5, 1938.

The defense is substantially that Ralph Causey died solely from a malignant cancer which had no connection whatsoever with his employment or anything occurring during the course of his employment by the defendant.

Upon hearing the consolidated cases, the trial court found that Ralph Causey suffered an injury to his stomach when engaged in handling large, heavy stones on November 29, 1937, in the course of his employment by the defendant, and that this injury aggravated and activated a malignant growth, which Ralph Causey, unknown to him or anyone else, already had at the time of the accident, but which was in a dormant condition, causing the sleeping disease to suddenly flare up, producing immediate disability and greatly hastening Causey's death. On that finding of fact, the trial judge rendered judgments for the plaintiffs. The defendant has appealed.

█ It does not appear to be seriously contended that the cancerous growth, which was discovered some weeks after the date on which it is alleged the accident occurred, was caused by the injury claimed to have been sustained. All the medical testimony is to the effect that Ralph Causey on the date when it is claimed he was injured must necessarily have had a malignant cancer in his stomach. Nevertheless, if the finding of the lower court that this malignant cancer was in a dormant condition on November 29, 1937, and that as a result of an injury received by Ralph Causey in his employment on that date, this cancer was rendered active, which activation caused or hastened his death, is correct, then the plaintiffs are entitled to compensation under the Workmen's Compensation Act. See Broussard v. Union Sulphur Co., 5 La.App. 340.

In view of the foregoing legal conclusion and the fact that there is no dispute with reference to the amount of compensation or other benefits awarded, the sole question for consideration on appeal is whether or not the trial judge committed manifest error in his finding of fact that the cause of Ralph Causey's death was the aggravation and activation of a pre-existing cancer by an injury sustained in the course of his employment.

█ It is clear from the record, and it is apparently admitted by the defendant, that on the date of the alleged accident Ralph Causey was working on a company barge as alleged; that he was engaged in dumping rocks or stones varying in weight from a few pounds to two hundred pounds; that while engaged in such work he became disabled and, upon complaining, was removed to shore and was thereupon sent or taken to the office of Dr. Clarence Lorio, under whose care he remained for several weeks, during which time he was paid compensation. The main contention of the defendant is that, in spite of these admitted or clearly proven facts, the plaintiffs have failed to satisfactorily show that Ralph Causey suffered an accidental injury on November 29, 1937, as alleged. It contends further that the only justifiable conclusion from the evidence is that on the occasion of the alleged injury, Causey began to feel the effects of a cancer, of which he was unaware, but which he had had for some time; that it was merely a coincidence that the disease should have become active while the employee was engaged in his duties.

We have carefully considered defendant's contention that the record is void of testimony of an actual eye witness to the accident alleged, and we realize, of course, that it could be more readily concluded that Ralph Causey suffered the accidental injury alleged if we had the testimony of witnesses who actually saw him get hurt while lifting or pushing heavy rocks; but the absence of such testimony does not necessarily show that Causey was not the victim of an accidental injury. As set forth in the trial judge's reasons for judgment, the record is replete with the testimony of fellow employees who saw the deceased immediately after his alleged accident, to the effect that he at that time stated that he had hurt himself while lifting or pushing heavy rocks, and that the way he walked, the way he held his stomach, and his every action, served to confirm his words. We have, too, the testimony of Dr. Lorio to the effect that on the date on which the accident is alleged to have occurred Ralph Causey reported to his office and gave a history of the accident as alleged; that he examined him for possible hernia, and finding no hernia or visible injury, concluded that Causey had suffered a strain of the abdominal muscles. Dr. Lorio admits that he never suspected that the deceased was suffering from cancer, or anything but an injury to the muscles, until after his death, when he was informed that a surgeon had operated on him at Brookhaven, Miss., and discovered that he had a ruptured, malignant cancer. The only testimony which indicates that the deceased may not have sustained an accidental injury on November 29, 1937, is that of his foreman, who testified that Causey on that date merely complained of pain in his back and side, and did not complain of any injury; but his testimony is flatly contradicted by another employee of the company who testified that he was working on the barge with the deceased and that he overheard the deceased tell the foreman that he had hurt himself. In the light of the evidence mentioned hereinabove, we cannot say that the lower court erred in finding that the deceased suffered an accidental injury as alleged.

The next question to determine is whether or not Causey's injury had the effect of activating the cancer from which he died. As set forth in the trial court's reasons for judgment, it is clear from the testimony of witness after witness, including fellow employees, relatives, and acquaintances, that prior to the accident Ralph Causey had always been in apparent good health and physically able and fit to do and perform hard manual labor, and that subsequent to the accident he went into a shocking and rapid decline; that he grew pale, weak and emaciated and his condition steadily grew worse until his death on February 5, 1938. Dr. Lorio, who acted as physician in examining company employees, testified that he was instrumental in securing employment for Causey with the defendant company, and that he was in normal health at the time he was employed. We agree with the trial judge that Ralph Causey's sudden lapse into complete disability on the occasion when he was unloading these heavy rocks, when always prior thereto he had been a vigorous, active, hard-working laborer, is rather convincing that he at that time suffered a severe strain which must necessarily have had serious effect on the cancerous growth. That conviction is strengthened by the medical testimony to the effect that a blow or strain could aggravate or activate a dormant cancerous growth.

We are therefore of the opinion that the findings of fact of the trial court are correct, and that the judgments below should be affirmed.