79 So.2d 641 (1955)
Bruce S. LAND, Plaintiff-Appellee,
v.
Ross COLLETTI et al., Defendants-Appellants.
No. 3998.
Court of Appeal of Louisiana, First Circuit.
April 22, 1955.
*642 Porteous & Johnson, New Orleans, for appellants.
James C. Azcona, New Orleans, for appellee.
TATE, Judge.
Defendants have appealed from judgment assessing damages against them resulting from a motor vehicle accident.
Plaintiff answered the appeal, seeking an increase in the award.
The accident occurred at approximately 5 a. m. on the morning of October 13, 1952, on the approaches to the railroad overpass approximately five miles east of Morgan City on U. S. Highway 90. At the time of the accident it was still dark, and the road was enveloped in a heavy, dense fog.
A Chevrolet sedan, owned by Shell Oil Company and driven by Bruce S. Land (the plaintiffs in two separate suits, consolidated on trial and upon this appeal), was struck from its rear by a semi-trailer truck also east-bound, causing damage to the Shell Oil Company car and personal injuries to plaintiff Land. This truck was owned by defendant, Ross Colletti, and its operation was insured by co-defendant, Highway Insurance Underwriters, Inc.; these co-defendants being appellants herein.
Immediately before the accident, a preceding truck, driven by Felix T. Estilette and also going east, had struck a 1939 Dodge truck which had straddled the highway on the western incline of the railroad overpass. Plaintiff Land testified he had been following Estilette's truck for some distance at a slow speed (15-20 mph) due to the dense fog. He heard the crash, drew up into his left lane alongside Estilette's truck, and asked if anyone was hurt. Upon learning that Estilette was not hurt, but that the way was not clear ahead due to the other 1939 vehicle which had been knocked forward over the crest of this incline by this first impact, Land backed into his right lane, with the purpose of backing down off the almost shoulderless incline to a portion of the road with sufficient shoulder upon which to park.
After Land had backed approximately 50 feet in his own lane on the approach's downward incline, he heard a truck approaching. Land testified that he then stopped and commenced vigorously to apply his rear brake lights, but that within seconds thereafter his car was struck from the rear by defendants" truck. Estilette corroborated Land's version, including that Land was in his proper lane, just before the accident, except that Estilette did not see the impact since on hearing the defendants' truck coming he had run down off the incline from fear that an accident would result.
The only other witness testifying to the accident is Stanley Riley, the driver of defendant's truck. Riley stated that he saw Land's tail lights approximately 40 feet away on the correct side of the road, but that the accident occurred when suddenly Land's car pulled in front of Riley's truck after Riley had pulled into the left lane to pass Land's vehicle. The District Judge concluded that from the physical evidence, as well as the greater reliability of the testimony of Estilette and Land, the accident must have occurred as stated by Land, in Land's own lane of traffic after Land had pulled to a stop upon hearing the truck approaching from his rear.
Under these facts, defendant's truck driver was unquestionably negligent. He proceeded through dense fog either at a speed insufficient to stop within the range of his vision, or else if (as he stated) proceeding at a reasonable speed, he failed to apply his brakes upon seeing the Land's car's tail lights ahead. (We feel, however, that the physical facts of the evidence indicated too great a speed under the circumstances with vision obscured.) See Dauzat v. Kelone, La.App., 65 So.2d 924; Dixie Highway Express v. C. C. Galbraith & Son, La.App., 61 So.2d 218; Crow v. Alesi, La.App., 1 Cir., 55 So.2d 16; McDaniel *643 v. Capitol Transport Co., Inc., La.App., 1 Cir., 35 So.2d 38.
Defendants urge that Land was nevertheless guilty of negligence in stopping his automobile upon the highway in a heavy fog, in backing his automobile in this heavy fog, and in not proceeding either off the highway onto the shoulder or driving around the Estilette truck upon hearing defendants' truck approaching.
We feel these arguments inapplicable because, as found by the trial court, and reflected by the evidence, defendant overlooks the testimony that the shoulders on these approaches to the overpass were not broad enough to park upon, and that Land was unable prudently to proceed ahead on the upward incline of the overpass obscured by dense fog and aware that one or more vehicles were wrecked in the path ahead. The cases cited by defendant can be distinguished in that we are not here concerned with a case of actually parking on a highway, but with a momentary stopping occasioned by a preceding accident. This stopping, or the initial move into the left lane and return into the back lane, even if considered negligent, were not the proximate or a contributory cause of the accident, which resulted from defendant's heedless approach through the fog and his failure to drive his car at such speed or under such control as to stop it when he could or should have perceived the Land vehicle in his path ahead.
The District Court awarded Land $1,000 for pain, suffering, and discomfort following the accident, for severe lacerations of an ear, hands, and pain in the chest, shoulders and neck requiring hospitalization for two days, two weeks' bed rest at home, and approximately six weeks during which he received medical treatment, including diathermy. Upon his return to work six weeks later, Land continued to suffer chest pains. We believe that this award of $1,000 is supported by the evidence. There is no claim here for loss of wages or for medical expenses of treatment of these injuries. The companion suit of Shell Oil Co. v. Colletti, La.App., 79 So.2d 644, is partly a subrogation suit for medical and compensation payments made to Land under the Workmen's Compensation Act, LSA-R.S. 23:1021 et seq.
The defendant vigorously complains of the award of an additional $500 for "aggravation of peptic ulcers". The evidence concerning his aggravation is not extensive. Land, who had suffered with peptic ulcers up until approximately three years before the accident, had a recurrence of digestive complaints from ten days to two weeks after the accident. His personal physician believed that these were not reported to him until two months after the accident. His personal physician was of the belief that mental disturbance could aggravate the condition, although the actual trauma of the accident would not do so. Land testified, but did not produce any other corroboration thereof, that approximately eighteen months after the accident he was hospitalized at Foundation Hospital and 75% of his stomach was removed due to the aggravated ulcer condition, and that he incurred a net hospitalization bill of $600 after receiving credit from his hospitalization insurance policy.
It is true that had Land proved that the aggravation and resulting medical expenses resulted from the accident, he would have been entitled to a more substantial recovery as requested by his answer to the appeal, since a traumatic aggravation of a dormant disease or condition gives rise to a cause of action. Frye v. Joe Gold Pipe & Supply Co., La.App., 50 So.2d 38; Peppers v. Toxe Brothers Yellow Cab Co., La.App., 198 So. 177; Causey v. Kansas City Bridge Co., La.App., 1 Cir., 191 So. 730 (compensation). But in the absence of stronger proof that the operation eighteen months later was a direct result of the flare-up following the accident, we are unable to say that the District Court abused its discretion in limiting recovery to $500 for the flare-up of the ulcer condition, to the degree that he believed the record supported the accident as a cause thereof. Stewart v. Arkansas Southern R. *644 Co., 112 La. 764, 36 So. 676; Levy v. Indemnity Insurance Co. of North America, La.App., 8 So.2d 774. Damages so allowed by him could probably also have been allowed under the itemization of pain and suffering resulting from the accident in question.
For the above and foregoing reasons, we feel that the judgment of the District Court herein should be affirmed. Costs are to be paid by appellants.