[No. 33448. Department Two. March 22, 1956.]

HARBOR PLYWOOD CORPORATION, *Appellant*, v. THE DEPART-
MENT OF LABOR AND INDUSTRIES, *Respondent*, GRACE
G. ASH, *Respondent and Cross-appellant*.[1]

[1]Reported in 295 P. (2d) 310.

*Donley & Ingram,* for appellant.

*The Attorney General* and *Haydn H. Hilling, Assistant,* for respondent.

*Clark Adams* and *James J. Solan,* for respondent and cross-appellant.

ROSELLINI, J.—On June 14, 1951, Cyril J. Ash, while employed as a plywood-panel patcher by Harbor Plywood Corporation, was struck on the right testicle by the corner of a panel of plywood when a truck load of panels he was inspecting became unbalanced and tipped over. A claim was duly filed with the department of labor and industries, and the supervisor issued an order allowing the claim for the injury complained of to the testicle but denying responsibility for a carcinoma condition which was found to exist in this testicle, on the ground that the carcinoma pre-existed the injury and was unrelated to it.

Ash appealed from this order to the board of industrial insurance appeals but died of cancer on September 10, 1952, before a hearing was held. Grace G. Ash, widow of the workman, filed a timely application for a widow's pension with the department of labor and industries. Her application was rejected, and she appealed to the board of industrial insurance appeals, which, after hearings on the merits, reversed the supervisor's order and remanded the claim to the department with directions to allow the widow a

pension. The employer, Harbor Plywood Corporation, appealed from this order to the superior court of Grays Harbor county, joining the widow and the department as defendants. A jury was waived, and the court, after reading the record, ruling upon the objections to the evidence, and listening to the arguments of counsel, affirmed the order of the board. The employer has appealed from the judgment granting the widow a pension, and the widow has taken a cross-appeal from that portion of the judgment wherein the court refused to award her an attorney's fee against the department.

The only finding of fact to which error is assigned reads as follows:

"That the cancerous condition from which the deceased workman suffered was malignant and must have preexisted the injury of June 14th, 1951; that medical science presently does not know the cause of cancer; that the industrial injury of June 14th, 1951 caused the workman's cancerous condition to spread from his testicle to other parts of the body; that the death of the workman on September 10th, 1952 and his permanent total disability prior to his death were the result of the spread of his cancerous condition through the lymphatic or circulatory system, to his entire lung fields; that the effect of the industrial injury of June 14th, 1951, was to hasten or accelerate the workman's inevitable total disability and death due to his pre-existing cancerous condition, and that the injury which occurred during the employment must have been more likely than not, a contributing factor to his death, without which the death would not have occurred when it did."

There is no contention that this finding is unsupported by the evidence, but, rather, the appellant argues that it is not a true finding of fact, but a conclusion of law. We fail to see the merit in this contention. The finding deals exclusively with questions of fact and is in accord with the medical testimony given by two physicians who had treated Ash extensively, and which was all favorable to the widow's theory. No evidence was offered to rebut their testimony.

The true purport of the appellant's argument seems to be that the doctors' opinions regarding the effect of the ap-

pellant's injury upon the carcinoma should be discredited, since it is common knowledge that the *cause* of cancer is unknown. As the trial court remarked in its memorandum decision, from the fact that the cause of cancer itself is unknown, it does not follow that medical science has ascertained nothing about the disease. The doctors testified that the injury most probably caused the carcinoma to spread, delayed its discovery, and hastened the workman's death. If such opinions were unwarranted by medical knowledge, other witnesses could have been produced to so testify. The trial court was particularly impressed with the credibility of these witnesses, one of whom was a leading cancer specialist in the city of Seattle.

While we have been unable to discover any case in this jurisdiction wherein a claim was based upon an injury which accelerated or aggravated a cancer condition, courts in other jurisdictions have held that if an industrial injury accelerates a cancerous condition, it is immaterial that death ultimately would have resulted anyway, and have allowed recovery. *Woodbury v. Frank B. Arata Fruit Co.*, 64 Idaho 227, 130 P. (2d) 870; *Russo v. Wright Aeronautical Corp.*, 137 N. J. L. 346, 60 A. (2d) 263; *Causey v. Kansas City Bridge Co.*, (La. App.) 191 So. 730. It is stated in 1 Larson's Workmen's Compensation Law 170, § 12.20:

"Pre-existing disease or infirmity of the employee does not disqualify a claim under the 'arising out of employment' requirement if the employment aggravated, accelerated, or combined with the disease or infirmity to produce the death or disability for which compensation is sought. . . .

" 'Aggravating' the disease is exemplified by cancer cases in which the malignant growth is ruptured or spread by occupational exertions, or in which its development is hastened by strains, impacts or accidents in the course of employment."

In a long line of cases in this jurisdiction, it has been established that if an injury, within the statutory meaning, lights up or makes active a latent or quiescent infirmity or weakened physical condition occasioned by disease, the resulting disability is to be attributed to the injury and not to the pre-existing physical condition, and it is immaterial

whether the infirmity might possibly have resulted in eventual disability or death, even without the injury. *Jacobson v. Department of Labor & Industries,* 37 Wn. (2d) 444, 224 P. (2d) 338, and cited cases. In the *Jacobson* case, a workman who had been afflicted with schizophrenia became unconscious while cleaning out a tank car with hot water, and his condition was diagnosed as heat stroke. A severe recurrence of his schizophrenia followed, rendering him unable to pursue gainful employment, and compensation was allowed.

In *Petersen v. Department of Labor & Industries*, 40 Wn. (2d) 635, 245 P. (2d) 1161, in denying a pension to the widow of a workman who had suffered a heart attack while engaged in his usual employment activities, where the medical testimony fell short of establishing any causal relationship between the activity and the attack, we said:

"We have never dispensed with a minimum showing that the employment or an incident occurring during employment must have been, more likely than not, a contributing factor to the death, without which the death would not have occurred when it did."

See, also, *Daugherty v. Department of Labor & Industries,* 188 Wash. 626, 63 P. (2d) 434.

In support of its contention that there was no causal relationship between the injury to Ash, who had been steadily employed by the appellant and in good health for twenty-two years, and his death, less than fifteen months afterward, appellant cites a number of cases, all of which are distinguishable on the facts. It relies heavily on the recent case of *Mork v. Department of Labor & Industries, ante* p. 74, 291 P. (2d) 650. In that case, it was found as a fact that no industrial injury had occurred.

 The evidence established, and the trial court found, that the injury to the workman was a contributing factor to his death, without which his death would not have occurred when it did; and the court properly upheld the board in its award of a pension to the widow.

 Error is assigned to the denial of the appellant's motion to dismiss, based upon its contention that the deci-

sion of the department on the claim filed by Ash is *res judicata* as to the issue of fact involved in the widow's claim. As stated above, an appeal from the department's order was pending at the time of the claimant's death. The decision of the department would become *res judicata* at the expiration of the time for taking the appeal. *Nagel v. Department of Labor & Industries,* 189 Wash. 631, 66 P. (2d) 318. Since an appeal was taken before the expiration of that time, and the action abated upon the workman's death (*Albertson v. Department of Labor & Industries,* 28 Wn. (2d) 750, 184 P. (2d) 53), the determination of the department is not *res judicata* of the issue presented by the widow's claim, which, as stated in *McFarland v. Department of Labor & Industries,* 188 Wash. 357, 62 P. (2d) 714, is a new right of action. The motion to dismiss was properly denied.

On her cross-appeal, the respondent widow complains of the court's ruling in refusing to award her attorney's fees against the department of labor and industries. RCW 51-.52.130 (Laws of 1951, chapter 225, § 17, p. 693) provides:

"If, on appeal to the court from the decision and order of the board, said decision and order is reversed or modified and additional relief is granted to a workman or beneficiary, or in cases where a party other than the workman or beneficiary is the appealing party and the workman's or beneficiary's right to relief is sustained by the court, a reasonable fee for the services of the workman's or beneficiary's attorney shall be fixed by the court. . . . If the decision and order of the board is reversed or modified and if the accident fund is affected by the litigation then the attorney's fee fixed by the court for services before the court only, and the fees of medical and other witnesses and the costs shall be payable out of the administrative fund of the department."

RCW 51.52.120 (Laws of 1951, chapter 225, § 16, p. 693) provides that it shall be unlawful for an attorney engaged in the representation of any workman or beneficiary to charge for his services any fee in excess of a reasonable fee, to be set by the department in the first instance, and by the board of industrial insurance appeals if an appeal is taken to that body.

■ It is apparent that the purpose of these two sections is to provide for the fixing of attorney's fees for the attorney representing the workman or beneficiary, to prevent the charging of unreasonable fees, and not to assess those fees against the department except in those cases where the board is in error and the accident fund is affected. No case has been brought to our attention in which attorney's fees were awarded against the department where the decision of the board was upheld in the superior court.

The respondent cites *Boeing Aircraft Co. v. Department of Labor & Industries*, 26 Wn. (2d) 51, 173 P. (2d) 164. That case involved a controversy between two employers whose respective employees were killed or injured simultaneously in one accident, and there was no dispute regarding the allowance of awards to the employees. We held that, although the decision of the board was reversed by the superior court, the accident fund was not affected, and consequently the appellant was not entitled to the recovery of attorney's fees against the department. The statute under which the case was decided has been superseded by RCW 51.52.130, *supra*, which makes no provision for the fixing or awarding of attorney's fees to employers but protects only the employee and his beneficiaries. However, the statement in that case upon which the respondent relies is applicable to the law as amended. In construing the prior law, we said:

"The very purpose of allowing an attorney's fee in industrial accident cases primarily was designed to guarantee the injured workman adequate legal representation in presenting his claim on appeal without the incurring of legal expense or the diminution of his award, if ultimately granted, for the purpose of paying his counsel. We so stated in *Rehberger v. Department of Labor & Industries*, 154 Wash. 659, 662, 283 Pac. 185:

" 'The purpose of the law is to furnish an injured workman, who has been denied justice by the department, with competent counsel, without expense to him.' "

■ No provision is made for the recovery of attorney's fees for services before the board of industrial insurance appeals, and in this case, justice was done by the board.

While it is true that the respondent was put to additional expense to sustain her right to recovery, it was not attributable to any act of the department, which, in fact, was made a party defendant with her on the appeal. Since the statute makes no provision for the awarding of fees against the department in such a case, the court was correct in denying this relief.

The court stated that, on proper application, it would fix the fee to be paid by the respondent to her attorney, and we assume that this has been done.

The judgment is affirmed.

HAMLEY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.