[No. 3741-0-III.   Division Three.   September 22, 1981.]

DEACONESS HOSPITAL, *Appellant*, v. JUDITH
E. HOYE, *Respondent*.

*J. Richard Crockett* and *Detels, Draper & Marinkovich,* for appellant.

*Robert Thompson* and *Delay, Curran & Boling,* for respondent.

ROE, J.—In 1977, Judith Hoye sustained an industrial injury while working for Deaconess Hospital, a self–insured employer. Deaconess rejected her claim, as did the Department of Labor and Industries. Represented by private counsel, she appealed to the Board of Industrial Insurance Appeals which reversed the Department and allowed her claim. Deaconess appealed to the Superior Court. After a jury trial, the court affirmed the Board and awarded Hoye fees for her private attorney, as well as witness fees, to be paid out of the administrative fund of the Department. Deaconess Hospital appeals the award of attorney's fees and witness fees to this court. We believe this case is controlled by the disposition and rationale of our court in *Johnson v. Tradewell Stores, Inc.*, 95 Wn.2d 739, 630 P.2d 441 (1981).

■ In a 5–to–4 decision, the *Johnson* majority stated at pages 744–45:

> Is it reasonable to say that two workers, both of whom are entitled to industrial insurance, may be classified as to the receipt of benefits merely because one works for an employer covered by the state system and the other works for a self–insured employer? We think not.
>
> . . .
> . . . The whole thrust of RCW 51.14 is to make certain employees under this system have the same benefits as those covered by the state system. . . . It is a manifest injustice of the most egregious nature, and we hold it to be a violation of the equal protection clause of the Fourteenth Amendment and Const. art. 1, § 12 to classify one group of employees so that they receive fewer benefits than similarly situated employees simply because the employer chooses to be self–insured.

We find the principles enunciated above controlling since under the statute on an appeal by the Department or the employer, fees would be awarded the claimant when his position was sustained. The award of such fees in this case,

even though the claimant was working for a self–insured employer, is therefore affirmed. We are mindful of the dissent in *Johnson,* which must be equally persuasive to the signers thereof; this court, however, is bound by the decision of the majority of the Supreme Court.

The decision of the trial court assessing attorney's fees and witnesses' costs against the Department is affirmed.

McINTURFF, C.J., and GREEN, J., concur.