[No. 56566–0.   En Banc.   September 6, 1990.]

CARNATION COMPANY, INC., *Respondent,* v. MADGE L. HILL, *Petitioner.*

*Calbom & Schwab, P.S.C.*, by *Kathleen G. Kilcullen,* for petitioner.

*Rolland, O'Malley & Williams,* by *Wayne L. Williams,* for respondent.

*Bryan P. Harnetiaux, Wayne Lieb,* and *Gary N. Bloom* on behalf of Washington State Trial Lawyers Association, amici curiae for respondent.

DOLLIVER, J.—On March 3, 1983, as she lifted large boxes from a conveyor belt to a pallet at Carnation's Moses Lake plant, Madge Hill injured her back. Since then she has not returned to work. On October 24, 1983, Hill filed a report of accident with the Department of Labor and Industries alleging an industrial injury.

The Department of Labor and Industries rejected Ms. Hill's claim finding her condition preexisted the injury alleged and was not the result of an industrial injury. Claimant filed an appeal with the Board of Industrial Insurance Appeals which accepted the appeal and held a hearing. The Board issued a proposed decision and order which reversed the Department of Labor and Industries and found that Hill suffered from an industrial accident.

Carnation appealed to Grant County Superior Court. In response to a prehearing motion, the trial court judge excluded the evidence of a polygraph test taken by Hill. Hill's attorney, however, referred to the fact that Hill was willing to take a polygraph test in her closing statement to the jury. The jury was instructed to disregard counsel's mention of the polygraph. Carnation's motion for a mistrial was denied.

At the Board hearing, Carnation submitted three exhibits relative to Hill's medical history. Hill's attorney stipulated to the authenticity of the records, but preserved objections based on relevancy, materiality, prejudice, and the collateral source rule. There is no record of any ruling on Hill's

objection, but the exhibits in question were certified to the trial court as being part of the record of the Board proceedings. At trial, the judge excluded the exhibits over Carnation's objection.

The three excluded exhibits were doctors' reports spanning the past 15 years of Hill's medical history. The records contained references to Hill's ongoing back problems and weakness in her legs which Carnation argued were relevant to Hill's preexisting condition. The reports also included references to Hill's alcoholism and various unrelated injuries from which she had suffered in the decade prior to her industrial accident. Hill argued these reports were introduced to inflame the jury and had no relevance to her back injuries. Although the doctors' records were excluded, the doctors gave testimony regarding the possibility Hill's back injury was a preexisting condition.

The jury returned a verdict in favor of Hill, affirming the decision of the Board. The court entered a judgment awarding Hill attorney fees and costs and denying Carnation's motion for a new trial.

Carnation appealed and, in a split decision, the Court of Appeals upheld the Superior Court's decision on the merits but reversed the award of attorney fees. *Carnation Co. v. Hill*, 54 Wn. App. 806, 776 P.2d 158 (1989).

■■ Carnation requested a new trial claiming that in closing argument Hill's counsel improperly argued facts outside the record and exhibits which should have been part of the record were improperly excluded by the trial court. In order to constitute reversible error, moving counsel must show the attorney misconduct had a substantial likelihood of affecting the jury's verdict. *DeLor v. Symons*, 93 Wash. 231, 232–33, 160 P. 424 (1916); *State v. Rice*, 110 Wn.2d 577, 757 P.2d 889 (1988).

Although in her closing argument, Hill's attorney improperly referred to her client's willingness to submit to a polygraph test even though the test results had been excluded from evidence, the jury was given a curative instruction by the judge and told to disregard the remark.

A jury is presumed to follow the court's instructions and that presumption will prevail until it is overcome by a showing otherwise. *Tennant v. Roys*, 44 Wn. App. 305, 315, 722 P.2d 848 (1986). The remark by counsel was isolated; a curative instruction was given by the court; and Carnation has not shown a substantial likelihood the remark affected the verdict. There was no reversible error.

RCW 51.52.110 indicates that the entire record of the Board of Industrial Insurance Appeals is to become the record at trial, and the trial judge in this case excluded three of the medical record exhibits that were part of the Board's certified record. As with the attorney misconduct, Carnation has shown no prejudice from this exclusion. The information in the medical records relating to the possible preexisting condition of Hill was presented in the testimony of the expert doctors at trial; thus no prejudice resulted from its exclusion. Therefore, we hold no reversible error was committed.

■ The major issue before the court is whether employees who prevail at the board level and again at the superior court level are entitled to attorney fees. The pertinent part of RCW 51.52.130 reads as follows:

> If the decision and order of the board is reversed or modified and if the accident fund is affected by the litigation then the attorney's fee fixed by the court for services before the court only, and the fees of medical and other witnesses and the costs shall be payable out of the administrative fund of the department. In the case of self–insured employers, if the decision and order of the board is reversed or modified resulting in additional benefits by the litigation that would be paid from the accident fund if the employer were not self–insured, then the attorney fees fixed by the court for services before the court, only, and the fees of medical and other witnesses and the costs shall be payable directly by the self–insured employer.

The award of attorney fees in a workers' compensation case is controlled by statute. *Pennsylvania Life Ins. Co. v. Department of Empl. Sec.*, 97 Wn.2d 412, 645 P.2d 693 (1982). RCW 51.52.130 allows the award of attorney fees only if the decision and order of the Board of Industrial Insurance Appeals is reversed or modified resulting in

additional benefits for the employee. This did not happen here.

At the outset we emphasize this case is not simply a replay of *Johnson v. Tradewell Stores, Inc.*, 95 Wn.2d 739, 630 P.2d 441 (1981). *Johnson* involved the issue of disparate treatment of injured employees whose employers were self–insured rather than under the state system. The court stated:

> We do not believe it reasonably can be claimed that the "object, purpose and spirit" (*Whitehead [v. Department of Social & Health Servs.*, 92 Wn.2d 265, 269, 595 P.2d 926 (1979)]) of the industrial insurance act is to exclude workers whose only deficiency is the chance that their employers choose to be self–insured.

*Johnson*, at 743. The court then went on to hold there was "no reasonable basis for a classification between those workers whose employers are under the state system and those whose employers are self–insured, and that this classification is unconstitutional." *Johnson*, at 744. In contrast, the present case contains no distinction between those employees whose employers are under the state system and those who are self–insured. They are both treated the same; there is no entitlement to attorney fees by a worker who successfully resists an appeal in superior court from an award granted by the Board.

The outcome in the case before us is controlled by *Trapp v. Department of Labor & Indus.*, 48 Wn.2d 560, 295 P.2d 315 (1956). There the court held that

> a workman or beneficiary who is successful in the superior court in resisting an appeal from a decision and order of the board of industrial insurance appeals and who secures an affirmance of the decision and order appealed from, is not entitled to an attorney's fee "payable out of the administrative fund of the department [of Labor and Industries]." RCW 51.52.130.

*Trapp*, at 561. The court then made the following comment:

> Why the employer . . . or the department in the present case, should not be required to pay the claimant a reasonable attorney's fee, is far from clear; however, the statute we are called upon to construe *is* clear. The arguments which have

been advanced . . . by Mr. Trapp in the present case must of necessity be directed to the legislature.

*Trapp,* at 562.

■ While the claimant recognizes the existence of *Trapp,* she refuses to accord to it a continuing vitality. Rather, she believes *Trapp* has been overcome by *Johnson.* We disagree. The issue in *Johnson* was the matter of equal protection for workers who, through no fault of their own, worked for employers who were self–insured. As the court made clear, it was the intention of the Legislature that all benefits *granted* to workers be available regardless of how an employer was insured. In this case that is not the problem. Here all employees are treated the same; there is no constitutional issue. While the distinctions made by the Legislature as to attorney fees on appeal may be arguable public policy, it is the policy the Legislature has chosen to adopt. As stated in *Trapp,* "the statute . . . *is* clear." *Trapp,* at 562.

It would be judicial legislating of the most egregious nature for this court simply to amend the statute and award the requested attorney fees, particularly because the language complained of by the claimant was brought to the attention of the Legislature in *Trapp* in *1956,* with no legislative correction being made since then. We contrast this with the swift action taken by the Legislature to correct the constitutional defect pointed out by the court in *Johnson.* The rectification of what is alleged by the claimant to be a defect in the statute rests with the Legislature.

The Court of Appeals is affirmed.

CALLOW, C.J., and BRACHTENBACH, ANDERSEN, DURHAM, and SMITH, JJ., concur.

GUY, J. (dissenting)—I believe the majority incorrectly denied the award of attorney fees to Ms. Hill. Analysis of statutes such as the one pertaining to attorney fees in worker compensation cases traditionally begins by looking to the circumstances surrounding the enactment of the

statute and applying the intention of the Legislature to the interpretation of the statute.

As the majority notes, the attorney fee statute literally authorizes an award of fees only when the Board's decision is reversed or modified. However, this reading of the statute fails to account for the legislative purpose of the workers' compensation act which is to compensate injured workers for the harm they suffer.

RCW 51.52.130 has been read to permit a worker who prevails at the Board level and again at trial after appeal by the employer to receive attorney fees. *Deaconess Hosp. v. Hoye,* 30 Wn. App. 536, 635 P.2d 1095 (1981). This leads to a logical and just interpretation of the meaning of the attorney fee statute as opposed to a strictly literal reading. *Deaconess* relied on the decision in *Johnson v. Tradewell Stores, Inc.,* 95 Wn.2d 739, 630 P.2d 441 (1981) to determine that the self–insured employer should be responsible for the claimant's attorney fees when the employer does not prevail on an appeal of a workers' compensation claim.

I thus reject the majority's argument that the statute should be interpreted narrowly to preclude the award of attorney fees to a claimant who successfully defends the award of workers' compensation on appeal. Both the majority and the Court of Appeals below rely on *Trapp v. Department of Labor & Indus.,* 48 Wn.2d 560, 295 P.2d 315 (1956) and *Spring v. Department of Labor & Indus.,* 39 Wn. App. 751, 695 P.2d 612 (1985) which held that RCW 51.52.130 authorizes the award of attorney fees only where the Board is found to have erred. *See also Harbor Plywood Corp. v. Department of Labor & Indus.,* 48 Wn.2d 553, 559–60, 295 P.2d 310 (1956). The *Trapp* decision acknowledged that:

> [T]here seems much merit in the argument . . . that, when a workman or beneficiary has to have legal representation at the appeal board, superior court, or supreme court level in order to obtain the relief to which he is ultimately determined to be entitled, the award so secured should not be diminished by the payment of attorney's fees.

*Trapp*, at 562. Ultimately, however, the court held that the statute was clear and did not provide for the award of attorney fees. This holding has since been limited by this court's decision in *Johnson v. Tradewell Stores, Inc., supra*. As noted in *Johnson*, adherence to the express language of the statute leads to absurd and unjust results because all claimants who prevail at trial should be awarded attorney fees. The majority does not adequately address the legislative intent behind the award of attorney fees to successful claimants and therefore reaches an absurd and unjust result.

A liberal construction of the workers' compensation statute is mandated by RCW 51.12.010. The statute provides that "[t]his title shall be liberally construed for the purpose of reducing to a minimum the suffering and economic loss arising from injuries and/or death occurring in the course of employment." RCW 51.12.010. This court has elaborated on this purpose in stating:

> [T]he guiding principle in construing provisions of the Industrial Insurance Act is that the Act is remedial in nature and is to be liberally construed in order to achieve its purpose of providing compensation to all covered employees injured in their employment, with doubts resolved in favor of the worker.

*Dennis v. Department of Labor & Indus.*, 109 Wn.2d 467, 470, 745 P.2d 1295 (1987).

In keeping with the purpose of the Industrial Insurance Act, this court previously has analyzed the attorney fee statute weighing both the intent of the act to compensate and the judicial goal to avoid unjust and absurd results. For example, in *Johnson* this court held that despite the express statutory language distinguishing between employees of self–insured and state–insured companies, both should be awarded attorney fees. *Johnson*, at 745.

The majority attempts to distinguish *Johnson* from the case at bench by asserting that *Johnson* addressed the improper distinction between employees of self–insured and state–insured employers. The majority reasons that the current statute makes no such improper distinction. This is

not so. The attorney fee statute distinguishes between employees who prevail at the Board level and those who do not but then prevail on appeal. This scenario was precisely the type of absurd and unjust distinction this court remedied in *Johnson*.

This court determined that the benefits awarded under the Industrial Insurance Act include all amounts of money received. The *Johnson* decision stated:

> For any worker who qualifies to receive attorney and witness fees under RCW 51.52.130, the actual benefits obtained in the appeal will be increased pro tanto by the amount of attorney and witness fees the worker does not have to pay.

*Johnson*, at 742. Thus, this court determined that receiving attorney fees if the employer is state–insured and not receiving attorney fees if the employer is self–insured effectively provides less compensation to one category of employees. Applying this reasoning to Hill's case, an award reduced by the attorney fees incurred in the appeal is not equivalent to the benefits that she would have received had she lost at the Board level and then prevailed at trial. *See also Kenworthy v. Pennsylvania Gen. Ins. Co.*, 113 Wn.2d 309, 779 P.2d 257 (1989) (affirmed on reconsideration). This court has long maintained that:

> "The very purpose of allowing an attorney's fee in industrial accident cases primarily was designed to guarantee the injured workman adequate legal representation in presenting his claim on appeal without the incurring of legal expense or the diminution of his award, if ultimately granted, for the purpose of paying his counsel. . . ."

*Harbor Plywood*, 48 Wn.2d at 559 (quoting *Boeing Aircraft Co. v. Department of Labor & Indus.*, 26 Wn.2d 51, 173 P.2d 164 (1946)).

In analyzing RCW 51.52.130, the conclusion that attorney fees should be awarded to all prevailing claimants would carry out both the intent of the act by fully compensating the claimant, as well as providing a reasonable interpretation of the statute. This interpretation would comport with the long line of Washington cases which decided that:

> Statutes should receive a sensible construction, such as will effect the legislative intention, and, if possible, so as to avoid unjust or absurd consequences. A thing which is within the object, purpose and spirit of an enactment is as much within the act as if it were within the letter.

(Citations omitted.) *Johnson,* at 743 (quoting *Whitehead v. Department of Social & Health Servs.,* 92 Wn.2d 265, 269, 595 P.2d 926 (1979)). In *Johnson,* this court held that it was not within the "object, purpose and spirit" to deny attorney fees to workers "whose only deficiency is the chance that their employers choose to be self–insured." *Johnson,* at 743.

Under similar reasoning, in this case it would not be within the spirit of the Industrial Insurance Act to provide less compensation to a worker whose only "deficiency" is that she prevailed too soon. To uphold this distinction and provide for the award of attorney fees to parties who prevail for the first time at trial and deny the award of attorney fees to parties who successfully defend a challenge to their receipt of industrial insurance benefits is an absurd and unjust result. In view of this fact, it is unreasonable to assume that the Legislature would intend to allow attorney fees on appeal if the claimant lost at the Board level but not if she prevailed at the Board level. *See, e.g., Whitehead,* at 269.

The object of construction is to ascertain the meaning and intention of the Legislature, and when that intention is discovered it is controlling, although it may be contrary to the strict letter of the statute. *In re Estates of Donnelly,* 81 Wn.2d 430, 437, 502 P.2d 1163, 60 A.L.R.3d 620 (1972). Thus, where it is apparent the intent of the Legislature is to protect the interests of the injured worker and provide fair compensation for the worker's injuries including attorney fees on appeal, this court should interpret RCW 51.52-.130 to provide attorney fees to all workers who prevail in an employer appeal even though the statute's "strict letter" provides otherwise.

Ultimately, the compensatory purpose of the Industrial Insurance Act is best effectuated by liberally interpreting the statute awarding attorney fees. A liberal interpretation is necessary to avoid the harsh result of diminishing a claimant's disability benefits for each successful appeal. Awarding attorney fees to all claimants who prevail at trial benefits the system of just compensation for injuries and is consistent with the object and spirit of the act.

UTTER and DORE, JJ., concur with GUY, J.