[No. 57584-3.   En Banc.   December 13, 1990.]

ROBERT E. SCHILLBERG, *Appellant,* v. DEAN WILLIAMS, *as Snohomish County Auditor, Respondent.*

*Richard D. Wurdeman, Mark A. Clark,* and *Wurdeman & Tesch, P.C.,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Thomas Herrick Robertson, Deputy,* for respondent.

PER CURIAM.—On October 4, 1990, this court issued an order requiring the Snohomish County Auditor "to accept for filing the Honorable Robert E. Schillberg's declaration of candidacy, and to cause his name to appear on the ballot for District 2 of Division One of the Court of Appeals." This opinion explains that order.

At issue in this appeal is the meaning and application of RCW 29.30.101, which reads, in pertinent part:

The names of the persons certified as the nominees resulting from a primary election by the secretary of state or the county canvassing board shall be printed on the official ballot prepared for the ensuing election.

. . . .

No candidate's name shall appear more than once upon the ballot . . ..

We hold that RCW 29.30.101, as applied to the facts before us, is ambiguous.

## I

The facts are undisputed. Judge Schillberg is presently a judge of the South District Court of Snohomish County. He filed for reelection in July of this year and ran unopposed in the September primary, winning approximately 12,000 votes. Therefore, pursuant to RCW 29.30.101, his name would appear alone on the November 6 general election ballot for that position.

On August 8, the Honorable Herbert Swanson resigned from the Court of Appeals, Division One, effective September 17, 1990. Since Judge Swanson held one of the Snohomish County positions on the Court of Appeals, the Snohomish County Auditor opened a 3–day filing period for election to the vacant position at the November 6 general election. *See* RCW 2.06.020(1)(b); RCW 29.21.370. On September 21, during that filing period, Judge Schillberg filed a declaration of candidacy for the Court of Appeals position. The Auditor conditionally accepted the filing, but

subsequently rejected it on the ground that acceptance would violate RCW 29.30.101 by permitting Judge Schillberg to appear on the ballot more than once. Judge Schillberg did not attempt to withdraw his declaration of candidacy for the district court position, and he could not have done so as the August 2 deadline for such a withdrawal had passed.

Judge Schillberg petitioned the Superior Court for a writ of mandamus ordering the Auditor to accept his declaration of candidacy. The court denied the petition. Judge Schillberg appealed directly to this court.

## II

We note that respondent's argument that RCW 29.04.030 precludes appeal of the decision of the superior court is without merit. RCW 29.04.030 provides a procedure for bringing an action to correct an error which has been or is about to be made in connection with an election. Actions brought under subsections (1) and (3) of RCW 29.04.030 are not appealable. *Hatfield v. Greco,* 87 Wn.2d 780, 781, 557 P.2d 340 (1976). Judge Schillberg's petition, however, was not brought under either of those subsections. If his petition falls within RCW 29.04.030, it falls under either subsection (4) or (5), neither of which contains a restriction on appealability.

## III

It is undisputed that Judge Schillberg's name will appear once on the general election ballots for the South District of Snohomish County as a candidate for district court judge. The issue before us is whether RCW 29.30.101 precludes Judge Schillberg from running in the special election being held the same day as the general election for the position of judge of the Court of Appeals, Division One, a position which will be on the ballots throughout Snohomish County.

We find RCW 29.30.101 ambiguous in two ways. First, it refers generally to "the official ballot", yet there are different ballots in different areas of the state. Judge Schillberg will not be on the ballot twice in most parts of

Snohomish County. The area that the South District Court boundaries encompass is substantially less than all of Snohomish County. Nowhere does the statute address this issue. Therefore, the statute is ambiguous as to this situation.

Second, RCW 29.30.101 specifically refers to "the nominees resulting from a primary election". As Judge Swanson's resignation necessitates a special election, *see State ex rel. Rummens v. Superior Court*, 160 Wash. 520, 295 P. 730 (1931), candidates for his position did not run in the primary and are not "nominees resulting from a primary election". Thus Judge Schillberg will not appear twice on the ballot pursuant to RCW 29.30.101, but rather once pursuant to that statute and once as part of the special election.

## IV

We find RCW 29.30.101 to be ambiguous as applied to this case and therefore, we may examine legislative intent. History and common sense demonstrate that the statute was intended to facilitate orderly, fair election practices. The Legislature wished to prevent candidates from filing for several positions at once, then waiting to see to which one or ones they were elected—thus necessitating further elections or appointments if one person was elected to incompatible offices. The Legislature may have also wished to avoid multiple filings for the purpose of gaining name familiarity or increasing the chances of election. The dissent states that RCW 29.30.101 achieves that end by simply requiring candidates "to choose, *before* rather than *after* the election, the office in which they wish to serve." Dissent, at 817. RCW 29.30.101 permits an incumbent judge to run for a higher judgeship than his present one, as long as he is not up for reelection on the same ballot. Judge Schillberg's position differs in that he happened to be up for reelection as a district court judge at the time the Court of Appeals position became available.

Moreover, by the time the filing period began for the Court of Appeals position, Judge Schillberg no longer had the option of withdrawing his name from the race for district court judge. The fact that, if he is to run for the Court of Appeals position at all, he must appear twice on some ballots is not due to any machination or deviousness on his part. We believe the Legislature did not consider this possibility in drafting RCW 29.30.101, and that it would not have wanted to bar a person in Judge Schillberg's position from the opportunity to run. To preclude Judge Schillberg from running for this position simply because of the timing of Judge Swanson's resignation would be unfair both to the electorate and the candidate. We believe the Legislature did not intend an unfair result.

V

The circumstances of this case are unusual. In matters of statutory ambiguity, the Legislature has placed the responsibility for the orderly conduct of elections on the court of last resort. *State ex rel. Kurtz v. Pratt,* 45 Wn.2d 151, 273 P.2d 516 (1954). Our holding is not intended to cast doubt upon the validity of RCW 29.30.101 in general. We need not, and therefore do not, address the constitutional arguments of the parties in this case.

DORE, J. (dissenting)—This court recently rejected an effort to alter the plain language of a statute to reach what was thought to be a "fair" result because to do so would have been "judicial legislating of the most egregious nature". *Carnation Co. v. Hill,* 115 Wn.2d 184, 189, 796 P.2d 416 (1990). By allowing Judge Schillberg's name to appear twice on the ballot in the South District of Snohomish County, as a majority of this court decreed in its order dated October 4, 1990, the majority engages in the "egregious" judicial legislating that this court condemned in *Hill.* Regardless of the outcome of the election, this court is constitutionally bound to explain its decision. *Sudduth v. Chapman,* 88 Wn.2d 247, 250, 558 P.2d 806, 559 P.2d 1351

(1977); Const. art. 4, § 2. The majority's decision is contrary to the plain language of RCW 29.30.101. I therefore dissent.

It is a fundamental rule of statutory construction that when the language of a statute is clear and unambiguous, there is no further room for judicial interpretation. *Hines v. Data Line Sys., Inc.*, 114 Wn.2d 127, 143, 787 P.2d 8 (1990). Despite efforts to read ambiguities into RCW 29.30-.101, its relevant language is clear: "No candidate's name shall appear more than once upon the ballot". Here, Judge Schillberg had previously filed for reelection to his present position as judge of the South District Court. His name appeared on the November 6, 1990, election ballot for that position. The Snohomish County Auditor recognized that if he accepted Judge Schillberg's later declaration of candidacy to the Court of Appeals, the judge's name would appear twice on the November 6, 1990, ballot in the South District of Snohomish County. The plain terms of RCW 29.30.101 prohibit this result. The auditor therefore fulfilled his statutory duty by rejecting Judge Schillberg's declaration. The majority, by contrast, violates the statute by permitting Judge Schillberg to run for two offices at once.

I agree that the election to fill Judge Swanson's unexpired term on the Court of Appeals is a "special election" under the statutory definitions. I fail to perceive the significance of this fact with regard to the ballot, however. Nothing in the statutes suggests that an election which encompasses both "general" and "special" matters involves separate "ballots."[1] The election to fill the vacancy on the Court of Appeals is to "take place at the next succeeding general election . . .". RCW 2.06.080. The "candidate receiving a plurality of the votes cast for that office in the general election shall be deemed elected." Former RCW

---

[1] Judge Schillberg's argument that RCW 29.30.101 applies only to general elections because the caption of the statute is entitled "general election ballot" requires no extended response. The Legislature has expressly provided that the section headings used in RCW Title 29 do not constitute any part of the law. RCW 29.98.020.

29.21.370. Judge Schillberg's name unquestionably did appear twice on the ballot at the November 6, 1990, election.

It has been suggested that RCW 29.30.101 was designed to combat only political manipulation of the ballot. I disagree with this view. Even if it were accurate, however, statutory language must be given its usual and ordinary meaning, regardless of the policy behind the enactment. *Spokane v. Taxpayers of Spokane,* 111 Wn.2d 91, 97, 758 P.2d 480 (1988). I recognize that this case involves somewhat unusual circumstances; Judge Schillberg obviously could not have anticipated that Judge Swanson would resign soon after the period for withdrawal from the district court race had expired. But the statute admits of no exceptions, save when someone appears on the ballot as a candidate for precinct committee officer. The Legislature plainly is aware that the need sometimes arises to hold special elections to fill unexpired terms. Had it wished to make an exception to RCW 29.30.101 for such elections, it could easily have done so. Assuming it did not anticipate these circumstances, we still may not read into the statute what we believe the Legislature may have left out unintentionally. *Bennett v. Hardy,* 113 Wn.2d 912, 926, 784 P.2d 1258 (1990).

With regard to Judge Schillberg's constitutional arguments, this court need look no further than its own decision in *State ex rel. Shepard v. Superior Court,* 60 Wash. 370, 111 P. 233 (1910). There, we applied the well–established presumption in favor of constitutionality and found the predecessor to RCW 29.30.101 to be a reasonable exercise of the Legislature's constitutional power to regulate the ballot. 60 Wash. at 372–76. We recognized that, as a practical matter, the State must resort to some process of selecting those candidates whose names may appear on the ballot. We said that as long as the Legislature does not go to extremes in either direction, it cannot be said to have violated its just discretion. 60 Wash. at 375–76.

The reasonableness of RCW 29.30.101 is readily apparent. As the Snohomish County elections manager averred below, without the statute, candidates might file for several offices at once and thus cause voter confusion, possible election to incompatible offices, postelection office shuffling, and the likely need to hold further special elections, at taxpayer expense, to sort out the results. The State's interest in preventing such occurrences is of the "highest order", and it may enact regulations which are "reasonably necessary" to the advancement of these interests. *Lubin v. Panish,* 415 U.S. 709, 715–18, 39 L. Ed. 2d 702, 94 S. Ct. 1315 (1974); *see also Munro v. Socialist Workers Party,* 479 U.S. 189, 194–95, 93 L. Ed. 2d 499, 107 S. Ct. 533 (1986) (State's interest in preserving the integrity of the electoral process and regulating the number of candidates on the ballot is "compelling").

Contrary to Judge Schillberg's argument, neither *Lubin* nor *McCarthy v. Tribbitt,* 421 F. Supp. 1193 (D. Del. 1976), supports the view that RCW 29.30.101 is unconstitutional. In both of those cases, candidates were completely denied access to ballots for reasons not reasonably related to the States' election interests. *See Lubin* (requiring substantial filing fee without providing alternative access for serious indigent candidates); *McCarthy* (requiring candidates to be affiliated with a political party). In contrast, RCW 29.30-.101 does not deprive candidates of access to the ballot; it simply limits the number of positions for which they may run simultaneously, thus requiring them to choose, *before* rather than *after* the election, the office in which they wish to serve. This restriction does not "substantially [burden] the 'availability of political opportunity.'" *Munro v. Socialist Workers Party, supra* at 199 (quoting *Lubin,* 415 U.S. at 716).

The ramifications of allowing candidates to simultaneously run for as many positions as they choose are obvious. A law limiting candidates to one position per election, except for the position of precinct committee officer, is eminently reasonable. While an argument might be made

that under the peculiar circumstances present here a candidate should be permitted to withdraw from one position in order to participate in a special election for another, this argument should be made to the Legislature, not to this court.

Finally, with regard to Judge Schillberg's argument that he is in a "disfavored class" relative to superior court judges, the fact that RCW 29.30.101 would have the indirect effect of permitting an unopposed superior court judge to run for the open Court of Appeals position does not overcome the presumption in favor of the statute's constitutionality. On its face, the statute applies equally to everyone. Judge Schillberg's real complaint is with Const. art. 4, § 29, which, under certain circumstances, permits a superior court judge, running unopposed for reelection, to be certified as elected without having to appear on the November ballot.

### CONCLUSION

In sum, I would follow the plain language of RCW 29.30-.101 and hold that Judge Schillberg's name may not appear on the ballot as a candidate for both judge of the South District Court of Snohomish County and judge of the Court of Appeals, Division One, District Two.

ANDERSEN, SMITH, and GUY, JJ., concur with DORE, J.