[No. 2735.   Decided December 21, 1897.]

ALBERT °W. RICHARDSON, *Appellant*, v. CARBON HILL
COAL COMPANY, *Respondent*.

ACTION FOR PERSONAL INJURIES — NEGLIGENCE IN SELECTION OF
PHYSICIAN — WHETHER SEPARATE CAUSES OF ACTION — LIMITATION
OF ACTIONS — RIGHT TO AMEND PLEADINGS AFTER REMAND — LAW
OF CASE.

In an action against defendant to recover damages for the
breaking of plaintiff's leg during his employment through the de-
fendant's negligence, and for injuries caused by the unskillful
treatment by a physician provided by defendant, the amendment
of the complaint, after a reversal on appeal, by setting up the
fact that the defendant did not exercise ordinary and reasonable
care in the selection of a physician, would not constitute a new
and separate cause of action, such as would be barred by the
statute of limitations.

Where a cause has been reversed on appeal and remanded to
the lower court without any special order as to further proceed-
ings, the fact that the appellate court made no reference to allow-
ing amendments to the pleadings would not preclude the lower
court's permitting them in a proper case.

In an action to recover damages for the negligence of defend-
ant in failing to exercise reasonable and ordinary care in the
selection of a physician which a master had provided for a ser-
vant, the rule of "law of the case" preventing a trial of that is-
sue could not be invoked by reason of the facts that the cause
had been thrice heard on appeal, and had been remanded the first
time because the action was based upon defendant's negligence
in causing the breaking of plaintiff's leg and upon the further
ground of unskillful treatment of the injury by defendant's physi-
cian, which first ground of action was eliminated owing to the
plaintiff's contributory negligence, and had been remanded the
second time because of the admission of irrelevant evidence.
(GORDON, J., dissents.)

Appeal from Superior Court, Pierce County.—Hon.
THOMAS CARROLL, Judge.   Reversed.

*Tillinghast & Pritchard (B. S. Grosscup*, of counsel),
for appellant.

*James M. Ashton*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This case was originally brought by the appellant against the respondent for damages for breaking appellant's leg during his employment by the respondent, and alleging that the injury was caused by the negligence of the respondent, and upon the further ground of the unskillful treatment of his injuries by the company's physician.

In the trial upon the issues presented the superior court granted a judgment of non-suit in favor of the respondent. From this judgment the appellant appealed to this court and obtained a reversal, the court holding, however, that the evidence was insufficient to go to the jury on the first cause of action for the reason that it affirmatively showed contributory negligence on the part of the plaintiff, and the cause was remanded for a new trial with leave to file new pleadings. See 6 Wash. 52 (32 Pac. 1012). Thereupon, a new complaint was filed and issues joined and a second trial was had in the superior court, resulting in favor of the plaintiff for $10,000. From this decision respondent appealed to this court, and the cause was again reversed (10 Wash. 648, 39 Pac. 95), for the reason that irrelevant testimony showing the rapid rate of speed at which the engine, upon which plaintiff was seated, was driven into the tunnel by defendant's foreman, the cry of the plaintiff when he was thrown to the ground, and other like matters. This court in its opinion said:

" All such testimony was clearly irrelevant to the issues which were finally submitted to the jury, and must have been prejudicial to the defendant."

It was really upon this ground that the cause was reversed. It is true that many other questions were discussed

in the opinion, and it is also stated that it was not shown that the company was derelict in the way of being negligent in the selection of a physician, and the followng remarks are introduced in the opinion:

"In fact it is not even alleged in the complaint that it did not exercise ordinary and reasonable care to select an ordinarily skillful physician."

The judgment was reversed without any order as to the future proceedings in the superior court. The appellant then amended his complaint, setting up the fact that the coal company did not exercise ordinary and reasonable care in the selection of a physician, or an allegation which was this in substance, and all the allegation that could be made under the circumstances of the case bearing upon this proposition. A demurrer was filed by the respondent to this second amended complaint, which demurrer was sustained by the court; the appellant electing to stand on its complaint judgment was entered, and the appellant brings the case here for review.

The respective counsel for the appellant and respondent differ materially as to the ground upon which this demurrer was sustained; but it is immaterial upon what ground it was actually sustained, the material question being, could it be sustained upon any ground which fell within the scope of the demurrer? As to the first proposition discussed by the respondent, we do not think that this was a separate cause of action, which was barred by the statute of limitations, more than three years having expired between the date the injury was inflicted and the filing of the second amended complaint. The amendment relates to the same transaction and rights which were set up in the prior complaint, and while it is true, that under the ruling of this court it probably became necessary for this new allegation to be made, it was so connected with the original case and

was so dependent upon the transactions alleged to have occurred in the original case, that we think it does not fall within the rule governing a new cause of action. *Colley v. Gate City Coffin Co.*, 92 Ga. 664 (18 S. E. 817); *Smith v. Palmer*, 6 Cush. 513-519; 1 Ency. Pl. & Pr., 564, and cases cited. But it is contended by the respondent that the complaint does not show so much a new cause of action as it does an attempt to retry an old cause of action which has been tried and decided. We do not think, however, that this contention can be sustained. We have carefully examined the opinion filed by this court in the two former trials, and find that in the first case there was no question discussed as to the sufficiency of the pleading. It is true the court said, in its opinion, that the judgment was reversed and the case remanded, with instructions to the lower court to designate a time within which the parties might file new pleadings to retry the cause. The only inference from that opinion and direction would be, considering the discussion of the case, that that portion of the pleading in reference to the injury occurring from the accident should be eliminated, and that the cause should be tried on pleadings involving the second ground of complaint, and, so far as any direction by this court is concerned, an elimination of that portion of the pleadings just mentioned would have met the requirements of the case.

In the next trial, however, the appellant evidently attempted honestly to meet the requirements of this court, but on hearing the question was raised and decided, by this court, that the allegations of the complaint were not sufficient to sustain the only judgment which the appellant was entitled to, viz: damages arising from the want of ordinary care in selecting a physician. This is the first time in the history of the case that this question was discussed, and the first time that the attention of the appellant had been called to this condition of the pleadings.

The case was reversed without any special order as to further proceedings, but this does not negative the idea that the pleadings can be amended, or that any other proceedings may be taken in the lower court. The usual course is, when a judgment is reversed, that the case is tried over, in the absence of any order of this court to the contrary. If the judgment below had been against the plaintiff for the reason that his complaint was not sufficient, his case would have ended in the absence of a reversal by this court; but, having obtained judgment below, and that judgment being reversed by this court upon errors occurring at the trial, the reversal is not out of the ordinary channel of reversals, and, upon filing an amended complaint in harmony with the conclusions of this court in relation to the pleadings, we see no reason why the appellant would not be entitled to a trial of his case. If a judgment of non-suit had been obtained by the respondent below, there is no doubt that the appellant could have commenced a new action involving the same cause of action.

It is not infrequent for pleadings to be amended in the lower court several times. It is true it is largely discretionary with the court; it may, or it may not, impose terms, but the fact that the cause came to the appellate court and was reversed does not affect the power of the trial court to give leave to amend the pleading; for, after reversal and remission, the case stands exactly as it stood before the trial. In this case the cause having been reversed for error of the court at the trial, and the court having granted leave to the appellant to file an amended complaint, we think the court had jurisdiction to try the cause, that the complaint does not state a new cause of action, and that the material matters alleged in the complaint have not before been litigated. It is true that some of the allegations of the complaint are materially as the allega-

tions in the former complaint were, and this must necessarily be; for instance, the allegation of negligent treatment by the physician. Of course, when the liability to procure a good physician is established, it must necessarily be established further, that the physician procured was negligent in the performance of his duties so far as the appellant is concerned, or no damage can be imputed to the company.

The judgment will be reversed and the cause remanded with instructions to the lower court to overrule the demurrer to the complaint.

Scott, C. J., and Anders and Reavis, JJ., concur.

Gordon, J., (dissenting).—I am unable to concur in the disposition made of this case. The opinion of the majority seems to proceed upon the theory that this court, upon consideration of the second appeal, which is reported in 10 Wash. 648 (39 Pac. 95), held the complaint insufficient. The opinion in that case, in so far as it related to the pleadings, merely held that the complaint did not allege that the defendant failed to exercise ordinary care in selecting a surgeon. But the court did not hold that the complaint did not state a cause of action. The theory of the complaint then before the court (and the same is true of the prior complaint) was that defendant was under obligation to furnish surgical treatment, and that the surgeon was the servant of defendant for whose malpractice the defendant was liable. But that it stated a cause of action on that theory has never so far as I can discover been disputed. As I read the decision in 10 Wash. 648, the reversal was not solely because "irrelevant testimony showing the rapid rate of speed at which the engine" was driven was admitted. In regard to the cause of action arising from the negligent surgical treatment, the court said:

" It is conceded in this case that no express contract was made between the company and the respondent in relation to his treatment or care in case he became sick or was injured. And it therefore follows that if the appellant was bound to furnish a surgeon to treat respondent's injuries it was by virtue of such a contract as the law implies from the acts of the parties, and the surrounding circumstances. . . . What was the contract? Was the respondent to be furnished with hospital accommodations and medical attendance?"

The court then proceeds to analyze the evidence bearing upon that cause of action, and continuing, says:

" But, suppose the contention of the respondent [plaintiff] to be true that the appellant [defendant] so conducted itself that it caused the respondent to believe that it was furnishing to him surgical treatment, and that it is estopped from denying that such was the fact, does it follow *under the facts of this case* that it is liable for the malpractice of the physician? *We think it does not.* This hospital was maintained and the physician provided for the sole purpose of relieving sick and injured employés without expense to them and without any intention on the part of the company of making any profit out of the undertaking. It was therefore a charitable institution and it was supported by the contributions of employés, and carried on in their interests. And if the company did employ the physician, as claimed by respondent, to look after and treat the sick and injured, *it is not liable for his negligence, but is responsible only for want of ordinary care in selecting him.* . . . *And it is not shown that* the company was derelict in that particular. In fact it is not even alleged in the complaint that it did not exercise ordinary and reasonable care to select an ordinarily skillful physician. The action was not brought upon that theory, and *the proof fails to support a finding of negligence on the part of the company.*"

It seems to me that what was here said constituted the law of the case. It was directed to the merits of the action

and demonstrated that the evidence was wholly insufficient
to establish *any* liability.    There is nothing in the com-
plaint now before the court that was not fully covered in
the former opinion of this court.

This court having upon the merits decided that defend-
ant was not liable for the negligent surgical treatment, the
superior court was right in sustaining a demurrer to the
complaint which set forth the same material facts as those
·passed upon on the former appeal.  *Whelan v. Brickell,*
(Cal.), 33 Pac. 396;  *Wells, Res Adjudicata and Stare
Decisis,* § 613;  *Leese v. Clark,* 20 Cal. 388;  *Ex parte
Sibbald v. U. S.,* 12 Pet. 491;  *Wash. Bridge Co. v. Stew-
art,* 3 How. 413;  *Phelan v. San Francisco,* 20 Cal. 40.

In the last case cited, Judge FIELD in delivering the opin-
ion of the court says:

" A previous ruling by the appellate court upon a point
distinctly made.may be only authority in other cases, to be
followed and affirmed, or to be modified or overruled ac-
cording to its intrinsic merits;   but in the case in which it
is made it is more than authority, it is a final adjudication,
from the consequences of which the court cannot depart,
nor the parties relieve themselves."

In the view which I take, this court upon the second
appeal (10 Wash. 648) decided in reference to the claim
for damages resulting from the surgical treatment, first,
that the evidence .was not sufficient to sustain the cause of
action set up (the theory of that cause of action being that
the defendant was under a legal obligation to furnish sur-
gical treatment);   second, neither was it sufficient to sus-
tain a recovery on the theory that defendant was negligent
in failing to exercise ordinary care in selecting a surgeon
(the theory of the cause of action stated in the present com-
plaint).    And in this connection the court also said that
the complaint nowhere charged that the defendant "did not

exercise ordinary and reasonable care to select an ordi-
narily skillful physician."

In the opinion of the majority it is said that the claim
that the complaint was not sufficient to sustain a judgment
for damages arising from the want of ordinary care in
selecting a physician was discussed. and the attention of
plaintiff called to it for the first time in the opinion of the
court on the second appeal (10 Wash. 648). And this
seems to be advanced as a reason why the plaintiff should·
be permitted to prosecute his action in the form in which
he is now seeking. But upon the very first appeal in this
case (6 Wash. 52, 32 Pac. 1012), this court said on that
subject:

" If said hospital was maintained as a charitable institu-
tion, and was not designed as a source of profit to the com-
pany, but was simply provided as a place in which its la-
borers might stay when sick or disabled for the purpose of
being cared for, and the company simply further under-
took to provide a physician for treating the men without
expense to them, the whole being in the nature of a gratui-
ty on the part of the company, it would only be liable
*for a failure to exercise due care in selecting a competent
physician.* Under such an arrangement the company could
not be held to have agreed to treat the injured employé
through the agency of a physician, but only agreed to pro-
cure for him the services of one, and *he would not be the
servant of the company.*"

Here the court very clearly pointed out the distinction
between a cause of action based upon the legal obligation
of the defendant to furnish surgical treatment, and a cause
of action where the negligence consisted in failing to ex-
ercise ordinary and reasonable care in selecting a surgeon,
and yet the plaintiff was content to rest upon the theory
theretofore adopted by him; he proceeded to a new trial
upon that theory, and upon the merits of the case as made

at that trial this court held (10 Wash. 648) that he was not entitled to recover. That, in my opinion, should end the case. The opinion of the majority seems to me to undermine the decision in 10 Wash. 648, without distinctly abandoning the ground on which it rests.

But if I am mistaken as to the scope of the former decision, nevertheless the plaintiff should not be permitted at this late day to shift his ground, and by the introduction of a new allegation in the complaint prolong the litigation indefinitely. To permit him to do so is, it seems to me, to sanction a most dangerous pratcice. In my judgment it would be better to adopt a course that would discourage rather than prolong litigation.

I think the order of the superior court should be affirmed.