[No. 26115. Department Two. September 28, 1936.]

A. S. STUSSER, *Appellant*, v. JOSEPH GOTTSTEIN, *Respondent.*[1]

[1]Reported in 61 P. (2d) 149.

*Eimon L. Wienir,* for appellant.

*Bausman, Oldham, Cohen & Jarvis* and *Perry R. Gershon,* for respondent.

MAIN, J.—This action is based upon a written instrument and is for a money judgment. The defendant's answer was a general denial. The cause went to trial before the court and a jury, and resulted in a verdict in favor of the plaintiff. Thereafter, an order was entered granting a new trial, from which there was no appeal. The cause was again tried, and upon that trial the jury returned a verdict in favor of the defendant, from which the plaintiff appealed. *Stusser v. Gottstein,* 178 Wash. 360, 35 P. (2d) 5. Upon that appeal, the judgment was reversed and a new trial ordered.

After the case was remanded to the superior court, the defendant amended his answer and pleaded affirmatively an equitable defense. Upon motion, the trial court struck the demand for a jury trial, and the third trial was to the court without a jury. No formal findings of fact were made, but the trial court, in a memorandum opinion, expressed the view that the weight of the testimony was against the plaintiff's right to recover. From the judgment entered dismissing the action, the plaintiff appealed.

The facts are fully stated in the opinion upon the

former appeal and will be here only briefly summarized. The parties to this litigation had previous business relations with each other, and, while so associated, entered into a written agreement which is the basis of this action, and which reads as follows:

"September 6, 1928.

"In consideration of A. S. Stusser purchasing jointly with myself a certain assignment of lease dated August 20, 1928, from the Arjo Investment Company, which is recorded on February 19, 1925, Volume 48 Book of Leases, page 472, I agree to refund A. S. Stusser any amounts paid by him on said lease on or before June 30th upon five days notice.

"JOSEPH GOTTSTEIN."

Upon the former appeal to this court, the principal question was whether this agreement, on its face, showed a loan from Stusser to Gottstein or a joint venture, and also whether the instrument was ambiguous on its face as to the character of the transaction. In accordance with Gottstein's contention, the trial court had instructed the jury that the instrument was one of joint venture. Upon the appeal, this was reversed, the court holding that the agreement was ambiguous, and that the oral testimony was permissible to determine the intention of the parties. In addition to this holding, there was the further conclusion that, if it should be found that the agreement was one of joint venture, then it was necessary for Stusser, at the time he gave notice of his demand for a refund, to tender a conveyance of his interest in the leasehold. In the course of the opinion on this question, it was said:

"Considering, then, the agreement in the light of both its express and its necessarily implied provisions, we have a situation where, upon the giving of the required notice by appellant, there was a duty on the part of the respondent to purchase appellant's interest in the lease, and a corresponding duty on the part of appellant to convey his joint interest therein. These

obligations were dependent and concurrent, and as such were to be simultaneously performed, in the absence of a contrary understanding or agreement. [Citing authorities.]''

■ The principal issue on the trial, after the cause was remanded to the superior court, was whether the agreement evidenced a loan by Stusser to Gottstein or a joint venture. This question was important because, if the court reached the conclusion from the instrument and the other evidence that it was a joint venture, then a tender of a conveyance was necessary, and this had at no time been made.

The evidence of the parties upon the question of the intention was directly in dispute. The trial court, as indicated by its memorandum opinion, was of the view that it was a joint venture. The complaint, as originally drawn, which was at no time amended, from its language gives no indication of an assertion of the theory that there was a loan. In the complaint, it is said that the parties ''did jointly purchase that certain leasehold fully described hereinabove.'' In another paragraph, it was said that Stusser notified Gottstein ''that he was dissatisfied with the purchase of said leasehold.''

There was evidence of the conduct of Stusser subsequent to the time that he gave notice of his election to demand a refund, which was inconsistent with his theory that it was a loan. Without reviewing the evidence, which would serve no useful purpose, we are of the view that the trial court was correct in holding that the intention of the parties was to create a joint venture, and that the loan theory cannot prevail. We also agree with the trial court that the evidence supported no fact or facts from which it could be concluded that Gottstein had waived the tender or was

estopped from insisting that the tender of a conveyance was necessary.

We now come to the question of whether Stusser was entitled to a jury trial after Gottstein had amended his answer setting up the equitable defense. It is said that the amendment was made without permission of the court; but, even though this be true, Stusser was in no manner prejudiced thereby, because, subsequently, he was fully heard prior to the trial upon the question of whether the cause would be tried to the court or to a jury.

As to the matter of amending the pleadings, the trial court, after the reversal of a judgment, in the absence of a special direction, stands in the same position as it did before the original trial, and amendments may be allowed after appeal just as they may be allowed in the ordinary course of the preparation of a case for trial. *Richardson v. Carbon Hill Coal Co.,* 18 Wash. 368, 51 Pac. 402, 1046; *Interstate Savings & Loan Ass'n v. Knapp,* 20 Wash. 225, 55 Pac. 48, 931; *Johnson v. Berg,* 151 Wash. 363, 275 Pac. 721.

It is said, however, that, notwithstanding the amendment, Stusser was entitled to have the question of fact determined by a jury. Upon the previous appeal, as already stated, Gottstein was contending that the agreement was not ambiguous and, as a matter of law, it showed a joint venture, with the option to Stusser of terminating it on or before June 30, 1929, by giving five days' notice. After this court held that the instrument did not show a joint venture, as a matter of law, but was ambiguous and could be supplemented by oral testimony, Gottstein amended his answer by pleading an affirmative defense, to the effect that there was a mutual mistake of the parties, in that there was omitted from the agreement the following:

"Said notice must be in writing, must be delivered to the defendant at least five days before June 30, 1929,

and must be accompanied by a quit claim deed of the said one-half title in said leasehold.''

If the instrument showed on its face a joint venture as a matter of law, as Gottstein contended on the former appeal, there was no occasion to plead mutual mistake. The reason for this first arose when this court reversed the judgment.

The contention that the pleading was not sufficiently definite cannot be sustained. The allegation of mutual mistake is sufficient where it shows the original agreement of the parties, points out where the writing differs from the agreement, and alleges that the difference was caused by mutual mistake. *State v. Lorenz*, 22 Wash. 289, 60 Pac. 644. The pleading in the present case was thus specific and meets the requirement of the rule.

The pleading is objected to further because it is said that it did not constitute a claim for affirmative relief. It will be admitted that, if the equitable relief sought in the amended answer was only incidental, then it would not take away the right to a jury trial. In this case, the matter pleaded was more than incidental. It asked for a reformation of the agreement, and the court was called upon to determine this before Gottstein could establish his defense under the instrument as reformed. If the evidence had established the facts as pleaded in the amendment, Stusser's action would have, of necessity, failed, because it is an established fact that Stusser never tendered a reconveyance of his interest in the leasehold.

We find no merit in the suggestion that Gottstein was guilty of laches in not having earlier made the amendment. *Buck v. Equitable Life Assurance Society*, 96 Wash. 683, 165 Pac. 878; *Fruit v. Fancher*, 137 Wash. 311, 242 Pac. 11.

We have not here given consideration to any of

the contentions which were covered upon the former appeal. The holding upon that appeal became the law of the case upon this appeal. *Epley v. Hunter,* 157 Wash. 333, 289 Pac. 27.

The judgment will be affirmed.

MILLARD, C. J., HOLCOMB, BLAKE, and TOLMAN, JJ., concur.