[No. 5841-7-III. Division Three. February 7, 1985.]

EUGENE R. SPRING, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*Gaither Kodis* of *Law and Justice Professional Legal Services, Inc., P.S.,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Thomas R. Chapman, Assistant,* for respondent.

THOMPSON, J.—Eugene R. Spring appeals the trial court's decision affirming the Department of Labor and Industries' closure of Mr. Spring's permanent partial disability award at 42 percent of the maximum allowable for unspecified disabilities. We reverse and remand for a new trial.

This is the second time this case has come before us. We originally affirmed the Department's decision in an unpublished opinion. *Spring v. Department of Labor & Indus.,* 28 Wn. App. 1034 (1981). The Supreme Court reversed and remanded the matter for retrial. *Spring v. Department of Labor & Indus.,* 96 Wn.2d 914, 640 P.2d 1 (1982) (hereinafter *Spring*). On remand, Mr. Spring's motion for summary judgment was denied and his request for a jury trial stricken. The trial court again affirmed the Department's decision, finding Mr. Spring had failed to prove he was incapable of performing light or sedentary work of a general nature.

The Supreme Court denied Mr. Spring's motion to recall the mandate to determine whether the trial court had complied with its decision, and Mr. Spring perfected this appeal. We then ordered Mr. Spring to show cause why the trial court's judgment should not be affirmed as controlled by well settled law. *Spring v. Department of Labor & Indus., supra; see also In re Marriage of Wolfe,* 99 Wn.2d 531, 663 P.2d 469 (1983). On November 6, 1984, the Commissioner issued a ruling disposing of all issues in favor of the Department, except the striking of Mr. Spring's jury demand. Following oral argument, Mr. Spring brought a motion to modify this ruling. We deny this motion, but reverse and remand for a new trial on the issue of the jury demand.

We are setting forth limited facts since they appear in detail in the prior *Spring* decisions. On September 28, 1970, Mr. Spring suffered a serious accident while employed by a logging company. Mr. Spring's industrial insurance claim was allowed and treatment, including surgical removal of a herniated disc, was provided. The Department closed the claim on August 5, 1976, issuing a permanent partial disability award of 42 percent of the maximum allowable for unspecified disability. Mr. Spring appealed to the Board of Industrial Insurance Appeals claiming that considering his physical impairment together with his age, lack of education and limited work experience, he is totally disabled.

The Board sustained the Department's order and Mr. Spring appealed to superior court. That court dismissed the appeal "on the merits, and alternatively as a matter of law". We affirmed. The Supreme Court reversed and remanded for a new trial, finding Mr. Spring had made a prima facie case for total disability and the trial court had misapplied the law regarding the sufficiency of evidence and burden of proof. *Spring,* at 918–20.

Since we are remanding for a new trial, it is unnecessary to address Mr. Spring's assignments of error to the trial court's findings of fact and conclusions of law. However, Mr. Spring, relying upon selected passages from the Supreme Court's opinion, contends the trial court should have granted his motion for summary judgment. We disagree.

Mr. Spring's contentions are twofold: (1) the Supreme Court determined he had met his burden of proving he was incapable of performing light or sedentary work of a general nature; and (2) the Department's failure to present evidence that odd lot or special work of a nongeneral nature was available to him required the court to rule as a matter of law that he was permanently and totally disabled. We agree with the Commissioner's ruling that "Mr. Spring misperceives the Supreme Court's holding as well as its scope of review on appeal". The Supreme Court stated the issue of total disability was a factual dispute to be resolved at a trial. *Spring,* at 918. Alternatively, the court remanded the case because the trial court had incorrectly shifted the burden to Mr. Spring to show he was incapable of performing *any* light or sedentary work while Washington law requires the injured worker to prove only that he is incapable of performing light or sedentary work of a *general* nature. *Spring,* at 919. Thus, the directive to the trial court was to retry the disability issue using the correct principles of law. This is consistent with the Supreme Court's adherence to a reviewing, rather than a fact–finding role in such cases. *See Pend Oreille Mines & Metals Co. v. Department of Labor & Indus.,* 63 Wn.2d 170, 385 P.2d 856 (1963);

*Benedict v. Department of Labor & Indus.,* 63 Wn.2d 12, 385 P.2d 380 (1963). The court's language that Mr. Spring had met his burden refers to Mr. Spring's burden of producing evidence which could be believed by a trier of fact and is consistent with the court's conclusion that Mr. Spring had presented a prima facie case. *Spring,* at 918. Thus, summary judgment was properly denied.

Next, Mr. Spring contends that if there were facts to be determined in light of the *Spring* decision, the trial court erred in striking his jury demand. The Department, on the other hand, claims Mr. Spring's waiver of a jury in the first trial carried over to the retrial. At best, the Department argues, a trial by jury at a later stage of the proceedings is a matter addressed to the court's discretion, and here no abuse has been demonstrated. We disagree and remand for a new trial.

Washington's constitution, article 1, section 21, provides: "[t]he right of trial by jury shall remain inviolate . . ." *See also Tuschoff v. Westover,* 60 Wn.2d 722, 375 P.2d 254 (1962). CR 38 also preserves this right.[1] "Neither by court decision nor by court rule, but only by constitutional amendment may such right be taken away". *Scavenius v. Manchester Port Dist.,* 2 Wn. App. 126, 128, 467 P.2d 372 (1970); *see also* Trautman, *Right to Jury Trial in Washington—Present and Future,* 34 Wash. L. Rev. 401, 402 (1959).

The Department contends Spring's waiver of his right to a trial by jury affected all subsequent proceedings. The Department relies on *Park v. Mighell,* 7 Wash. 304, 35 P. 63 (1893) and *Mount Vernon Dodge, Inc. v. Seattle–First Nat'l Bank,* 18 Wn. App. 569, 570 P.2d 702 (1977). Both cases, however, are distinguishable. In *Park v. Mighell, supra* at 305, the case was reversed and remanded; however, the "order contemplated that it should go back to the

---

[1]CR 38(a) provides:

"The right of trial by jury as declared by article 1, section 21 of the constitution or as given by a statute shall be preserved to the parties inviolate."

same referee, and be heard upon the testimony already taken". This order was necessitated by the referee's failure in the original proceeding to make findings to support the judgment. *Mount Vernon Dodge, Inc. v. Seattle–First Nat'l Bank, supra,* did not involve retrial on remand. Rather, the plaintiff did not request a jury until after the case had been set for trial and then failed to pay the required jury deposit. Thus, the court appropriately held at page 581 that "absent an abuse of discretion, the decision by the trial court to grant or deny a jury demand after a previous waiver will not be overturned."

■ Although there appears to be no Washington case which specifically addresses the issue of whether an initial waiver of a jury is binding on all subsequent proceedings, one annotation provides:

> The weight of authority is that a waiver of a jury trial is not operative as regards a subsequent trial, but that after waiver of a jury trial and a trial without a jury, the right of trial by jury, as regards subsequent proceedings to which it is otherwise guaranteed or applicable, remains available, and may be demanded and exercised as in original proceedings, in the absence of statute or stipulation governing the matter and compelling a contrary conclusion.

Annot., *Waiver of Right to Jury Trial as Operative After Expiration of Term During Which it Was Made, or as Regards Subsequent Trial,* 106 A.L.R. 203, 205 (1937). The Department, however, points to New York case law in Annot., *Authority of State Court To Order Jury Trial in Civil Case Where Jury Has Been Waived or Not Demanded by Parties,* 9 A.L.R.4th 1041, 1062–65 (1981), for a different result. These cases prohibit a party from retracting a waiver of the right to a jury trial during the life of the litigation. *See Tracy v. Falvey,* 102 App. Div. 585, 92 N.Y.S. 625 (1905); *Laventhall v. Fireman's Ins. Co.,* 266 App. Div. 756, 41 N.Y.S.2d 302, *appeal denied,* 266 App. Div. 863, 43 N.Y.S.2d 862, *motion dismissed,* 291 N.Y. 657, 51 N.E.2d 934 (1943). We decline to apply this rule, however, since we find it inapposite to the particular facts of

this case.

In *Tesky v. Tesky,* 110 Wis. 2d 205, 327 N.W.2d 706, 708 (1983), the Wisconsin Supreme Court held a party to a lawsuit is entitled as a matter of right to a jury trial on a question of fact if that issue is retried. The *Tesky* court noted that although there is no unanimity on this issue in other jurisdictions, its holding accords with the weight of authority. *Tesky v. Tesky,* 327 N.W.2d at 709, citing *Nedrow v. Michigan–Wisconsin Pipe Line Co.,* 246 Iowa 1075, 70 N.W.2d 843 (1955); *Schumacher v. Crane–Churchill Co.,* 66 Neb. 440, 92 N.W. 609 (1902); *Burnham v. North Chicago St. Ry.,* 88 F. 627 (7th Cir. 1898); *F.M. Davies & Co. v. Porter,* 248 F. 397 (8th Cir. 1918); Annot., 106 A.L.R. 203, 205 (1937); Annot., 64 A.L.R.2d 506, 574 (1959); 47 Am. Jur. 2d *Jury* § 66 (1969). Washington's view that following reversal of judgment "the case stands exactly as it stood before the trial" is consistent with the general rule. *Richardson v. Carbon Hill Coal Co.,* 18 Wash. 368, 372, 51 P. 402, 51 P. 1046 (1897); *Stusser v. Gottstein,* 187 Wash. 660, 61 P.2d 149 (1936). In addition, we agree with the rationale behind the rule in *Tesky v. Tesky, supra,* since "there could be no presumption at the first trial that there would ever be a second trial, and it could therefore not be presumed that the parties, in making the stipulation, had in mind any possible subsequent trial, to which a stipulation could refer." Annot., *Waiver of Right to Trial by Jury as Affecting Right to Trial by Jury on Subsequent Trial of Same Case in Federal Court,* 66 A.L.R. Fed. 859, 863 (1984) (citing *Burnham v. North Chicago St. Ry., supra*). It was error to deny Mr. Spring's request for a jury.

Finally, Mr. Spring contends he is entitled to costs, interest, and attorney fees pursuant to RCW 51.52.130. That statute provides in part:

> If, on appeal to the court from the decision and order of the board, said decision and order is reversed or modified and additional relief is granted to a worker or beneficiary, . . . a reasonable fee for the services of the worker's or beneficiary's attorney shall be fixed by the

court. . . . If the decision and order of the board is reversed or modified and if the accident fund is affected by the litigation then the attorney's fee fixed by the court for services before the court only, and the fees of medical and other witnesses and the costs shall be payable out of the administrative fund of the department.

The purpose of this statute is to provide court control over attorney fees for all successful claimants to prevent the charging of unreasonable fees. But, such fees are to be assessed against the Department only when the Board is found to have erred and the accident fund affected. *Harbor Plywood Corp. v. Department of Labor & Indus.*, 48 Wn.2d 553, 295 P.2d 310 (1956); *Simpson Timber Co. v. Smith,* 37 Wn. App. 796, 682 P.2d 969 (1984). The *Simpson* court held at page 800: "a party is not entitled to an *award* of attorney's fees under a statute such as RCW 51.52.130 unless the *award*—not merely the *fixing*—of fees is specifically provided for in the statute."

Both *Harbor Plywood Corp. v. Department of Labor & Indus., supra,* and *Trapp v. Department of Labor & Indus.,* 48 Wn.2d 560, 295 P.2d 315 (1956) address this issue. While the *Trapp* court found "much merit" in the argument that workers' compensation awards should not be diminished by attorney fees at the appeal board, superior court, or Supreme Court level, it held no such attorney fees were allowable under the clear language of the statute. The court left the arguments advanced by the plaintiff to be resolved by the Legislature. Consequently, a literal reading of *Harbor Plywood Corp. v. Department of Labor & Indus., supra,* and *Trapp v. Department of Labor & Indus., supra,* requires us to deny Mr. Spring attorney fees for this appeal.

The judgment is reversed and the matter remanded for a new trial.

McINTURFF, A.C.J., and MUNSON, J., concur.