[No. 41438-4-II.   Division Two.   September 25, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. CANDI LEE BANGE, *Appellant*.

844

*Carol A. Elewski*, for appellant.

*Jonathan L. Meyer, Prosecuting Attorney*, and *Sara I. Beigh, Deputy*, for respondent.

¶1 HUNT, J. — Candi Lee Bange appeals her controlled-substance-delivery bench trial conviction. She argues that (1) although she waived her right to a jury before the superior court dismissed the case with prejudice pretrial, this right "revived" when we reversed the dismissal in a previous appeal and remanded for trial; and (2) before conducting the bench trial on remand, the trial court violated her right to a jury by failing to seek a second jury trial waiver. In a Statement of Additional Grounds (SAG), Bange asserts that a police officer harassed her during the case investigation and during her arrest and later testified falsely at trial.

¶2 The State responds that (1) Bange originally waived her right to a jury knowingly, intelligently, and voluntarily in her first proceeding, which did not go to trial at that time; (2) because on remand Bange did not challenge the validity of or seek to set aside her jury waiver and request a jury before proceeding with the bench trial, she did not preserve this issue for appeal; and (3) even if she could raise this issue for the first time on appeal, her initial unchallenged jury trial waiver remained valid on remand because, unlike the facts in *Wilson v. Horsley*,[1] which involved a *retrial* and an express request for a jury for the retrial, Bange had not previously had even one actual "trial" in her case.

¶3 We hold that when a defendant waives her right to a jury and the charges are dismissed before trial for

---

[1] *Wilson v. Horsley*, 137 Wn.2d 500, 974 P.2d 316 (1999).

nonevidentiary reasons, her jury waiver remains effective when an appellate court reverses the dismissal, reinstates the charges, and remands for a first trial (in contrast to a retrial), absent an attempt to revoke her jury waiver. We affirm.

## FACTS

¶4 Candi Lee Bange delivered methamphetamine to undercover Centralia Police Department Officer Gary Byrnes. The State charged Bange with unlawful delivery of a controlled substance. On January 15, 2009, she waived her right to a jury trial by completing and signing the following handwritten jury trial waiver:

> I, Candi Bange, am the defendant in this case. I understand that I have a constitutional right to a jury trial. I do not want a jury trial. I want my case decided by a judge sitting without a jury.

Clerk's Papers (CP) at 20.[2] Before trial began, however, the superior court dismissed Bange's case with prejudice because the State had failed to disclose "a key and essential witness" (the state expert who had tested the drugs) and had not timely provided Bange with a copy of the laboratory report identifying methamphetamine as the substance it had charged her with having delivered. CP at 25.

¶5 The State appealed. We reversed the trial court's dismissal of the delivery charge against Bange and remanded for the trial that had not yet occurred. The same counsel as before represented Bange on remand; the prosecutor and the judge who had previously dismissed Bange's charge were also the same. Both Bange's counsel and the State announced on the record that they were proceeding with a "bench trial." Verbatim Report of Proceedings at 3, 6. At no point did Bange ask to revoke her January 15,

---

[2] Bange does not challenge the legality or propriety of her January 15, 2009 jury trial waiver.

2009 jury waiver, voice objection to her counsel's assertion that she wanted a bench trial, or request a jury instead. The trial court found her guilty. Bange again appeals.

## ANALYSIS

### I. Unchallenged Jury Trial Waiver

¶6 Bange argues that (1) her waived right to a jury trial "revived" after we reversed the dismissal of her case and remanded for trial, Br. of Appellant at 7; and (2) on remand, the trial court violated her state and federal constitutional right to a jury because it did not seek a second jury waiver from her before proceeding with the bench trial. We disagree.

¶7 We assume, without deciding, that Bange is not "procedurally barred" from raising this jury trial waiver issue for the first time on appeal.[3] Br. of Resp't at 1. Unlike other jury waiver challenge cases,[4] however, Bange does *not* contend that her jury waiver was unknowing, unintelligent, and involuntary. Instead, she appears to accept the State's argument that (1) she validly waived her right to a jury on January 15, 2009, when she entered her handwritten jury trial waiver; and (2) the State met its burden of proving that this jury waiver met constitutional standards. Thus, the validity of Bange's January 15, 2009 jury waiver is not at issue in this appeal.

¶8 Instead, we must decide whether, after we reversed the pretrial dismissal of the State's case against Bange, we should again reverse because when we remanded Bange's case for trial in the first instance, the trial court (1) did not ask whether she wanted to withdraw her unchallenged

---

[3] Instead, we assume that Bange is raising a manifest constitutional error that a party may raise for the first time on appeal. *State v. Hochhalter*, 131 Wn. App. 506, 522, 128 P.3d 104 (2006).

[4] *See, e.g., State v. Stegall*, 124 Wn.2d 719, 725-26, 881 P.2d 979 (1994); *see also State v. Wicke*, 91 Wn.2d 638, 642-44, 591 P.2d 452 (1979).

January 15, 2009 jury waiver, (2) did not readvise her of her right to a jury, and (3) did not require her to sign a second jury waiver before proceeding to the agreed bench trial. Although Washington cases offer related, though not controlling, rationales, this issue is one of first impression.

### A. "Revival" of Right to Jury Following Mistrial Inapplicable Here

¶9 Bange asserts that her right to a jury "revived" after the trial court dismissed her case, the State appealed, and we reversed and remanded for a first trial. Br. of Appellant at 7. The State responds that Bange's original jury trial waiver simply remained "in effect" because (1) "nothing had changed from the original date of trial"; and (2) Bange had not yet had the bench "trial" for which she had already "knowingly, intelligently, and voluntarily" waived her right to trial by jury. Br. of Resp't at 3, 6-7. Like the dissent, we have found no case directly on point with the facts here.

¶10 Nevertheless, we can extract from the cases we have found the following general principles: "[T]he defendant's waiver of jury trial applies only to his first trial,"[5] and it remains in effect until successfully challenged,[6] revoked, or " 'expended' " on a trial.[7] Applying these principles here, it is undisputed that Bange waived her right to a jury for her first trial. Because she had not yet had her first trial when we previously reversed and remanded, her original unchallenged jury waiver remained unexpended. Underscoring the continuing validity of this unexpended jury waiver on remand were the parties' representations to the trial court that the case was proceeding to a bench trial

---

[5] *United States v. Lee*, 539 F.2d 606, 610 (6th Cir. 1976).

[6] Here, we do not address such a challenge because Bange has never asserted that her jury trial waiver was unknowing, involuntary, or unintelligent.

[7] *People v. Mixon*, 271 Ill. App. 3d 999, 1002, 649 N.E.2d 441, 208 Ill. Dec. 385 (1994) (quoting *Town of Carthage v. Buckner*, 8 Ill. App. 152, 154 (1880)).

and the absence of any express request by Bange to revoke her waiver and to request a jury for her trial.[8]

¶11 Although no Washington case directly addresses Bange's claimed "revival" of a jury trial right under these circumstances in a criminal case, the Washington Supreme Court has addressed a related concept in the civil context, which is enlightening here. In *Horsley*, our Supreme Court recognized that, after an appellate court reverses a trial court judgment in a civil case, the case " 'stands *exactly as it stood before the [first] trial.*' " *Horsley*, 137 Wn.2d at 511 n.5 (emphasis added) (internal quotation marks omitted) (quoting *Spring v. Dep't of Labor & Indus.*, 39 Wn. App. 751, 756, 695 P.2d 612 (1985)). Horsley, a defendant in a personal injury action, withdrew his original jury demand and agreed to a bench trial. Despite this jury waiver, Horsley requested a jury both shortly before the first trial began and again for the second trial when the first trial ended in a mistrial; the trial court denied both jury requests. *Horsley*, 137 Wn.2d at 504. Instead, the trial court conducted a second bench trial and found Horsley liable for damages. *Horsley*, 137 Wn.2d at 504.

¶12 The Supreme Court reversed, holding that a party is free to assert his right to a jury when a new trial follows a mistrial, even when he has previously given a valid waiver of that right before the trial that ended in a mistrial. *Horsley*, 137 Wn.2d at 512. In rendering this holding, the court distinguished prior Washington precedent in which a party's waiver of his right to a jury was held to remain valid after remand:

---

[8] Unlike some of the parties in the dissent's cited cases, Bange never challenged the validity of her jury trial waiver below or in her first appeal. *See* dissent at 855-56 (citing *Lee* and *Nedrow v. Mich.-Wis. Pipe Line Co.*, 246 Iowa 1075, 70 N.W.2d 843, 844 (1955)). Nor did she attempt to revoke her jury waiver or request a jury on remand following her first appeal. On the contrary, she and her counsel led the trial court to believe that her jury waiver was still in effect when, on remand, all parties proceeded to Bange's first trial, to the bench, as Bange had originally intended.

In 1893 we held that a party's waiver of a jury trial remains in force for the retrial after *partial remand* of the original action. *Park v. Mighell*, 7 Wash. 304, 35 P. 63 (1893). *Park* is not instructive here, however. In *Park*, the matter was remanded back to the same referee because that referee failed to make factual findings on many issues raised in the case *and because "there never had been a complete trial." Id.* at 305.

*Horsley*, 137 Wn.2d at 509 (emphasis added). The *Horsley* court also noted:

Limiting the waiver of a jury trial to the initial proceedings is also justified by the fact that conditions could be "wholly different at the *second* trial from what they were at the first." ... The *second* trial could involve a different judge or jury pool.

*Horsley*, 137 Wn.2d at 510 (emphasis added) (citation omitted) (quoting *Nedrow v. Mich.-Wis. Pipe Line Co.*, 246 Iowa 1075, 70 N.W.2d 843, 844 (1955)). Here, in contrast, we remanded Bange's case back to the trial court so that she could stand trial for the first time before the same judge, who had not yet heard any evidence but had already accepted her as yet unexpended jury trial waiver.

¶13 Our Supreme Court noted several points that distinguish *Horsley* from Bange's case. First, Horsley's initial trial, for which he had previously agreed to a bench trial and had withdrawn his original jury trial request, had ended in a "mistrial," after which it could not be presumed that his earlier jury trial waiver had persisted. *Horsley*, 137 Wn.2d at 511-12. Here, in contrast, the trial court had dismissed Bange's case before trial had begun; thus, there had not yet been a "trial" and, consequently, no "mistrial." Second, Horsley had reasserted his right to a jury trial after his first trial ended in a mistrial but before his retrial began. In contrast, Bange did not ask to revoke her January 15, 2009 jury waiver on remand for trial; nor did she assert or attempt to exercise any alleged "revived" right to a jury trial, as she now asserts for the first time on appeal. Instead, she voiced no objection when her defense counsel

and the State noted on the record that her case was proceeding to a bench trial.[9]

## B. No "Revival" of Previously Waived Right to Jury Trial without First Trial

¶14 We agree with the dissent to the extent that it suggests *Horsley* recognized a limited "revived" jury trial right under certain circumstances; but we decline to extend *Horsley* beyond the parameters of that case to the significantly different circumstances here.[10] The *Horsley* court

---

[9] Nor did Bange move for a new trial and demand a jury after her bench trial ended below.

[10] The cases the dissent cites for the proposition that appellate court reversal revives the right to a jury trial on remand differ in three significant procedural respects: (1) Bench trials had already begun when they were terminated, (2) new trials were ordered, and (3) at least one party expressly requested a jury for the retrial. The dissent, however, focuses on only the third difference in this list—that the litigants in its cited cases requested juries on remand for retrial, stating that if we do not require courts on remand to obtain a second jury trial waiver in the criminal context, "the trial court relieves the State of its burden to show that the defendant waived her jury trial rights in all subsequent proceedings." Dissent at 857.

The dissent discusses "fundamental differences" between civil and criminal litigants' constitutional rights to a jury trial, suggesting that (1) a criminal defendant does not need to assert her "revived" jury trial right in situations where revival applies; and (2) a criminal defendant automatically has a "revived" jury trial right on remand, without any affirmative action on her part. Dissent at 856. The dissent's conclusion, however, runs contrary to federal cases. Although not expressly articulated as a requirement, a demand for or assertion of the right to a jury trial appears to be an implied prerequisite to revival of a previously waived jury in *both* civil and criminal cases. For example, in *Horsley*, our Supreme Court cited the following criminal cases:

> Federal precedent supports the conclusion that a mistrial revives the right to a jury trial. The Third Circuit has held that *following a mistrial, **parties are free to assert or waive their rights to a jury trial**. United States v. Lutz*, 420 F.2d 414, 416 (3rd Cir. 1970). Similarly, in *Zemunski v. Kenney*, the Eighth Circuit determined that while "*a mistrial **does not automatically cancel a jury waiver**, a defendant may withdraw the waiver before a retrial.*" 984 F.2d 953, 954 (8th Cir. 1993). The Sixth Circuit has also held that, unless the original waiver of a jury trial explicitly covers the contingency of a retrial, *waiver **does not bar demand for a jury on retrial** of the same case. United States v. Groth*, 682 F.2d 578, 580, 66 A.L.R. Fᴇᴅ. 854 (6th Cir. 1982). Finally, in an analogous case, the Ninth Circuit concluded that *consent to trial before a magistrate **may be revoked or withdrawn** in a timely fashion following a mistrial*, reasoning that, "[l]ike the waiver of some other constitutional rights,

addressed a different set of facts in a very different context when it recognized: (1) " '[I]t is hardly fair to presume that by waiving a jury for one trial the parties intended to waive a jury for any further trial that may be had' ";[11] and (2) "[p]arties who waive the right to a jury in one proceeding cannot be deemed to have given up the right for all subsequent proceedings."[12] *Horsley*, 137 Wn.2d at 511. In articulating Horsley's "revived" jury trial right, the Supreme Court expressly held that parties who had previously waived their right to a jury trial were *"free to assert* this right following a *mistrial."*[13] *Horsley*, 137 Wn.2d at 512 (emphasis added). This holding's language clearly limits

---

it should not, once uttered, be deemed forever binding." *United States v. Mortensen*, 860 F.2d 948, 950 (9th Cir. 1988).

*Horsley*, 137 Wn.2d at 510-11 (emphasis added).

The dissent also skips the first and second differences in the above list, the major differences between its cited cases and Bange's case: The litigants in the dissent's cited cases already had original trials for which their jury waivers were expended before new trials were ordered; but Bange had not. We cannot agree that the dissent's federal case holdings require reversal of Bange's bench trial conviction on remand, where her jury trial waiver was applied only to her *original* trial and there was no attempt to apply it to any "subsequent proceedings," namely to any trial other than her first trial, which was not held until the remand. Dissent at 855.

[11] *Horsley*, 137 Wn.2d at 510 (quoting *Nedrow*, 70 N.W.2d at 844).

[12] The dissent assumes that Bange's right to a jury trial similarly revived, even though the trial court had dismissed her case pretrial, there was no mistrial, and we remanded for trial in the first instance. In our view, the dissent's assumption neither flows from nor finds support in *Horsley*'s express limited holding. Nor can the dissent's assumption fairly derive from or stand consistent with the principle that, after an appellate court reverses a trial court judgment, the case " 'stands *exactly as it stood before the [first] trial*,' " absent the defendant's attempt to revoke the earlier waiver. *Horsley*, 137 Wn.2d at 511 n.5 (emphasis added) (internal quotation marks omitted) (quoting *Spring*, 39 Wn. App. at 756).

[13] Our Supreme Court relied on Division Three's decision in *Spring*, 39 Wn. App. at 756, to hold that, when a party waives the right to a jury before going to bench trial that results in a mistrial, the jury waiver is no longer valid for the new trial. *Horsley*, 137 Wn.2d at 510. *Spring* involved the trial court's erroneous denial of a party's express assertion of his jury trial right on remand following the appellate court's reversal of the trial court's judgment. *Spring*, 39 Wn. App. at 752, 754. Division Three held that the plaintiff's jury trial waiver from his first proceeding did *not* waive his right to a jury trial for all subsequent proceedings and he could, therefore, *assert his right to a jury trial* after an appellate court reversed and remanded his case. *Spring*, 39 Wn. App. at 754-56; *see also Horsley*, 137 Wn.2d at 511 n.5.

jury trial "revival" to situations where a party previously had an initial "trial" *and* "asserted" a revived jury trial right before a second trial began.[14]

¶15 In *Horsley*, our Supreme Court also recognized that, when an appellate court reverses a trial court judgment, the case " 'stands exactly as it stood before the trial.' " 137 Wn.2d at 511 n.5 (internal quotation marks omitted) (quoting *Spring*, 39 Wn. App. at 756). Applying this principle here means that, when we previously reversed the trial court's dismissal of the charge against Bange and remanded for trial following her first appeal, Bange's case returned to the procedural posture it had been in before the pretrial dismissal; in other words, it was as if the dismissal had never occurred. Thus, on remand, the proceedings resumed where they left off: There was a charge pending against Bange for which she had indisputably waived her

---

[14] In our view, this holding is consistent with a subsidiary rule, which federal courts have applied in the context of cases involving remands for retrial *after* a first trial had already commenced and the case was remanded by a reviewing court. For example, the dissent cites *Lee* with approval:

> [T]here are two related situations that may suggest the proper rule. The first is where a tribunal grants a new trial in the interests of justice without the intervention of a reviewing court. In this situation, it appears appropriate to hold that waiver of a jury trial or consent to trial by a magistrate should continue in force. . . . The second situation is when *a reviewing court finds error in the conduct of a trial and reverses with directions for a new trial. In that situation* the general rule is that *a litigant is not bound by his prior waiver of a jury trial.* . . . Unless the language of a waiver unambiguously states that it will apply in all retrials should they be ordered, a *waiver should not continue in effect after the jurisdiction of the court to which it was tendered terminates upon the taking of an appeal.*

*Lee*, 539 F.2d at 608-09 (emphasis added); *see* dissent at 855.

Respectfully disagreeing with the dissent, we do not find the *Lee* rule applicable here. Again, we underscore that, unlike the situation described in *Lee*, Bange's case had not previously gone to trial; thus, we did not hold in her previous appeal that the trial court erred in " 'the conduct of a trial.' " Dissent at 855 (quoting *Lee*, 539 F.2d at 608). Therefore, in our view, the rule in *Lee*—that Bange's prior jury waiver did not continue in effect—does not apply. Nevertheless, our holding places the parties in the same position as the case stood before the first trial: The first trial occurred after we reversed the earlier pretrial dismissal of the charges against Bange and remanded for trial. At that point, Bange's written January 15, 2009 jury waiver under CrR 6.1(a) remained valid, unchallenged, unexpended, and in effect until such time as Bange asserted otherwise or asked to revoke it, which she did not.

right to a jury. She was ready to proceed to a bench trial, and the parties so represented to the trial court when her first and only trial thus far began. No one voiced any objection to the validity of her unexpended existing jury waiver, sought to revoke her jury waiver, or requested reinstatement of the right to a jury trial. Consequently, her case proceeded to the original bench trial that she had contemplated when she waived her right to a jury trial. It was this bench trial that "expended" Bange's initial waiver.

¶16 We hold that Bange's unchallenged January 15, 2009 jury waiver remained valid when, on remand, she proceeded to the very bench trial for which she had previously entered her waiver, without seeking to revoke her waiver. We further hold that there was no burden on the trial court to question Bange's unchallenged jury waiver or to ask her whether she now wanted a jury because (1) there had not been any trial before Bange's first appeal, (2) we had not ordered a retrial[15] on remand, (3) there was no challenge to the validity of Bange's unexpended January 15, 2009 jury waiver, (4) Bange did not attempt to revoke this unexpended waiver, and (5) all parties represented to the trial court that Bange had waived a jury and they were ready to proceed to a bench trial. Thus, the trial court did not commit reversible error in "failing" to ignore Bange's unexpended jury waiver and to inquire sua sponte whether Bange still wanted to proceed to a bench trial.

## II. Statement of Additional Grounds

¶17 In her SAG, Bange asserts that Officer Byrnes "unjustifiably harassed" her when investigating the case and arresting her and that he gave false testimony at trial. SAG at 1. Because review of these arguments would require

---

[15] Again, in contrast to the dissent's cited cases, there was no "retrial" here. We reiterate that, unlike the cases on which the dissent relies, Bange never had a first trial following her jury waiver. Thus, there could be no "retrial" on remand, only her original trial to which her original unexpended jury waiver still applied, absent an attempt by her to revoke this waiver.

reference to matters outside the record on appeal, we cannot address them. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

¶18 We affirm.

PENOYAR, J., concurs.

¶19 JOHANSON, A.C.J. (dissenting) — Because the loudest silence cannot waive a defendant's fundamental right to a jury trial in a criminal case, I respectfully dissent. Here, the trial court violated Candi Lee Bange's jury trial right when, after we remanded the matter back to the trial court, it failed to secure her jury trial waiver before holding a bench trial. Therefore, I would reverse and remand for trial.

¶20 It is a bedrock principle of constitutional law that criminal defendants have a constitutional right to a jury trial. U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury."); WASH. CONST. art. I, §§ 21, 22 ("The right of trial by jury shall remain inviolate" and "[i]n criminal prosecutions the accused shall have the right . . . to have a speedy public trial by an impartial jury."). A defendant may waive this right if he makes the waiver knowingly, voluntarily, and intelligently. *City of Bellevue v. Acrey*, 103 Wn.2d 203, 207, 691 P.2d 957 (1984) (citing *State v. Forza*, 70 Wn.2d 69, 71, 422 P.2d 475 (1966)). Similarly, under state and federal rules of criminal procedure, defendants *have* a jury trial right *unless* they waive this right in writing. FED. R. CRIM. P. 23(a)(1); CrR 6.1(a). Defendants cannot passively waive their jury trial right. *See Acrey*, 103 Wn.2d at 207. And the State bears the burden of proving that defendants have affirmatively waived their constitutional rights. *State v. Stegall*, 124 Wn.2d 719, 730, 881 P.2d 979 (1994).

## A. Waiver Does Not Apply to Subsequent Proceedings

¶21 In the criminal context, while Washington courts have not addressed whether a trial court must secure a second jury trial waiver from a defendant on remand after the defendant waived that right for an earlier-scheduled trial on the same matter, federal courts have held that a jury trial waiver does not apply on remand from an appeal, unless the waiver expressly includes subsequent proceedings. I would follow this well-articulated reasoning.

¶22 I agree with *United States v. Lee*, in which the Sixth Circuit Court of Appeals held that a jury waiver does not bind a party after an appellate court assumes jurisdiction and reverses a trial court judgment:

> We have found no precedent deciding the question whether a defendant's consent to trial by a magistrate continues in force after reversal by a reviewing court, but there are two related situations that may suggest the proper rule. . . . The second situation is when a reviewing court finds error in the conduct of a trial and reverses with directions for a new trial. In that situation the general rule is that a litigant is not bound by his prior waiver of a jury trial. . . . Unless the language of a waiver unambiguously states that it will apply in all retrials should they be ordered, a *waiver should not continue in effect after the jurisdiction of the court to which it was tendered terminates upon the taking of an appeal.*

539 F.2d 606, 608-09 (6th Cir. 1976) (emphasis added). The *Lee* court supports its holding by citing the Alabama Supreme Court's *Cross v. State*: " 'the agreement to waive the right of trial by jury must[,] ordinarily[,] be construed to apply only to the particular trial at which it is made.' " *Lee*, 539 F.2d at 609 (quoting *Cross v. State*, 78 Ala. 430, 432 (1885)). Again, in *Lee*, the court reasoned that the defendant's waiver, which referred only to the earlier trial, applied strictly to that trial and not subsequent proceedings.

¶23 Although Washington courts have not addressed this issue in a *criminal* context, they have emphasized the importance of jury trial rights and the application of jury waiver in subsequent *civil* proceedings. The majority cites *Wilson v. Horsley* for the proposition that following a reversal of a trial court judgment, the case stands exactly as it stood before the first trial. 137 Wn.2d 500, 974 P.2d 316 (1999). But, we must recognize fundamental differences between the jury trial right for civil and criminal litigants. Civil litigants must demand a jury trial or else they waive the preserved right. U.S. CONST. amend. VII; WASH. CONST. art. I, § 21; FED. R. CIV. P. 38(d); CR 38(d). In contrast, criminal defendants do not need to request a jury trial but instead automatically receive a jury trial unless they affirmatively waive that right. "Limiting the waiver of a jury trial to the initial proceedings is also justified by the fact that conditions could be 'wholly different at the second trial from what they were at the first.'" *Wilson*, 137 Wn.2d at 510 (quoting *Nedrow v. Mich.-Wis. Pipe Line Co.*, 246 Iowa 1075, 1078, 70 N.W.2d 843 (1955)).

¶24 In a criminal case, the right to a jury trial is a fundamental right, so a jury waiver should never be presumed. *See Lee*, 539 F.2d at 609. A defendant enjoys the right to a jury trial in proceedings following remand from an appeal, even if the initial trial was not completed. That jury trial right is the same right that the litigant had during the initial proceedings. It abides until it is waived, just like in the first proceeding.

¶25 A trial court must seek a new jury waiver for subsequent proceedings because the circumstances of the subsequent proceedings may be wholly different than they were initially. *Wilson*, 137 Wn.2d at 510. Specifically, there may be a different judge or jury pool during subsequent proceedings. *Wilson*, 137 Wn.2d at 510. Conversely, the court in subsequent proceedings may be the same court that had ruled against the defendant in the initial proceedings. *Lee*, 539 F.2d at 609. Most importantly, though, trial

courts must obtain new jury trial waivers following remand of a criminal case, as "a waiver should not continue in effect after the jurisdiction of the court to which it was tendered terminates upon the taking of an appeal." *Lee*, 539 F.2d at 608-09. Otherwise, if after remand the trial court applies a defendant's earlier jury waiver that does not expressly contemplate subsequent proceedings, the trial court relieves the State of its burden to show that the defendant waived her jury trial rights in all subsequent proceedings. Accordingly, Bange's waiver no longer applied 21 months after Lewis County Superior Court dismissed her case and our court assumed jurisdiction on appeal.

## B. Bange Did Not Waive Her Rights after Remand

¶26 Our courts have repeatedly explained that a defendant's silent acquiescence does not provide the court any basis for concluding that a defendant's jury-trial election met constitutional standards. *See Stegall*, 124 Wn.2d at 730-31; *see also State v. Hos*, 154 Wn. App. 238, 249, 225 P.3d 389, *review denied*, 169 Wn.2d 1008 (2010) (rejecting State's argument that Hos ratified her attorney's oral waiver of her jury trial right by failing to object during two discussions on the record relating to having a bench trial). The record must contain an "affirmative, unequivocal waiver by defendant." *Acrey*, 103 Wn.2d at 207.

¶27 After remand, although Bange stood silent as the State and defense counsel twice referenced a bench trial, Bange never expressed any affirmative, unequivocal intent to waive her jury right. Here, Bange's trial commenced 21 months after the trial court initially dismissed the charges. And, importantly, though the trial court recited Bange's various trial rights, it did not advise her of her jury trial right, so Bange might not have known that she still possessed her jury trial right. Therefore, she did not rewaive her jury trial right on remand. Accordingly, I believe Bange is entitled to a jury trial because her initial jury trial waiver

858

did not expressly waive her jury trial right for all subsequent trials and, after remand, the trial court needed to secure her jury trial waiver before proceeding to a bench trial. Therefore, I would reverse and remand.

Review denied at 176 Wn.2d 1030 (2013).